### E. F. McKee *v.* J. V. Jones.

| 67 | 405 |
|----|-----|
| 79 | 685 |

1. SUNDAY CONTRACTS. *Lex loci contractus. Warranty. Defense.*
   A vendor of personal property, when sued in this state upon his warranty, cannot defend upon the ground that the sale was made on Sunday, if the sale occurred in Louisiana, there being no law in that state prohibiting the enforcement of Sunday contracts.

2. SALE OF PERSONAL PROPERTY. *Special warranty. Consequential damages.*
   The civil code of Louisiana, art. 2503, provides that "the parties may by particular agreement add to the obligation of warranty, which results of right from the sale, or diminish its effect, etc." Where in that state, under this statute, the seller of a horse warrants that he is free from a certain contagious disease, and that it will not impart such disease to the purchaser's other stock, while as a fact, the horse was diseased and did communicate the disease to the other stock so that they died, the seller will be liable, in a suit in this state, for all damages thus sustained, although he may not have known that the horse when sold was diseased.

FROM the circuit court of Wilkinson county.

HON. RALPH NORTH, Judge.

J. V. Jones brought this suit against E. F. McKee to recover

the value of certain horses and mules, which he claims died of the glanders imparted to them by a horse which he purchased of Mc-Kee. Plaintiff offered to show that on a certain Sunday, McKee called at his home in the state of Louisiana, having two horses which he offered for sale. After examining the horses, he noticed that one of them had a cough, and called attention to it, expressing the fear that it had the glanders and if he bought it his other stock might take the disease. Appellant replied that he would guarantee that it did not have the glanders, and would not communicate it to the other stock. Thereupon the horse was purchased, and the price then agreed upon was paid several days afterwards. The horse, in fact, did have the glanders, and died from it after having imparted the disease to several other horses and mules which also died.

In this action plaintiff seeks to recover damages for the loss of the horse purchased, and also for the loss of the other horses and mules which died from the disease communicated to them by the horse so purchased, relying upon the special warranty that plaintiff's other horses would not take the disease. The defendant filed ten pleas, to most of which demurrers were interposed; but it is unnecessary to state the pleadings.

The defense, briefly stated, is rested upon the ground, (1) that the sale was made on Sunday; and (2) that if the horse sold did, in fact, have the glanders at the time of the sale, plaintiff had no knowledge of the fact, and was therefore not liable for the loss of any stock except the horse sold. The bill of exceptions shows that the evidence tending to prove a special warranty against infection to the stock of plaintiff was ruled out by the court, to which plaintiff excepted.

The plaintiff recovered judgment for $112.50, being presumably the value of the horse purchased, and from this judgment both the plaintiff and defendant have appealed.

*A. G. Shannon,* for plaintiff, J. V. Jones.

1. A sale on Sunday is void in this state, because forbidden by the statute. Such sales are valid in several other states, and particularly in Louisiana. The defense therefore that the contract is not enforceable because made on Sunday is not maintainable.

2. We submit that there are three cases in which a seller of diseased stock is liable for the spread of an infectious disease. (1) In case of fraud. 1 Segdwick, 160; *Jeffrey* v. *Bigelow*, 13 Wend. 518. (2) Where the animal sold is warranted sound, and (3) where the diseased stock 'are carried on another's land by a trespasser; or where they are so carried on the land of another under a license given upon the assurance that they are free from disease, or that there is no danger from contact with them. *Eaton* v. *Winnie*, 4 Am. Rep. 380.

The defendant relied below on a statute of Louisiana, civil code, art. 2509. It seems clear that this statute on the face of it does not apply to a case where the parties have warranted, by contract, against the spread of an infectious disease.

*D. C. Bramlet* and *H. C. Capell*, for defendant, E. F. McKee.

1. The contract was illegal, being made on Sunday. The court below held that the *lex loci contractus* must govern in this case. This was error. Sunday contracts are exceptions to that rule of law. Had the contract been made in Mississippi on Sunday, plaintiff would have been debarred of any action. *Kountz* v. *Price*, 40 Miss. 341; *Block* v. *McMurry*, 56 Ib. 217; *Bradley* v. *Rea*, 103 Mass. 188.

The last two authorities hold that a sale of horses made on Sunday is illegal, and no action will lie on the warranty. This contract, though made in Louisiana, leaves the parties where they placed themselves so far as our courts are concerned; for, being contrary to our public laws, the law of God, and our policy regarding the interest of religion, morality and the general well-being of society, no right growing out of such a contract can be enforced, or wrong or injury growing therefrom remedied. 6 Peters, 172; 17 Johns. 511: 13 Mass. 23; 6 Wheaton, 331; 5 Ired. 590; 2 Kent, 458; *Mahorner* v. *Hood*, 9 S. & M. 247.

It is only by comity of nations that foreign contracts are enforced by any state, and no state is bound to hold valid in its courts any contract which is injurious to public rights, or public morals, or contravenes its policy. 2 Kent, 458; *Brown* v. *Richardson*,

13 Martin, (La.) 202 ; *Brown* v. *Nevitt*, 27 Miss. 801. In all cases of doubt, the court which decides will prefer the laws of its own state. Story, Conflict of Laws, § 28.

It cannot be said that this would be impairing the obligation of contracts within the meaning of our own and the federal constitu--tion, for these do not embrace laws injurious to public morals. *Moore* v. *State*, 48 Miss. 147.

2. Plaintiff was properly denied the right to recover any damages beyond the price of the horse sold, the sale and delivery having been made in the state of Louisiana, and the defendant not knowing at the time that the horse had the disease called glanders. See Civil Code of Louisiana, art. 2503, where glanders is classed as one of the absolute vices of horses.

The seller who knows not the vice of a thing has only to restore the price, and to reimburse the expenses occasioned by the sale. Ib., art. 2509.

The law does not hold the seller of a diseased animal liable for damages occasioned by communicating the disease to other animals of the purchaser, when the seller did not know the animal had a contagious disease. To hold the seller liable for such damages he must be either guilty of a tort or fraud. *Cate* v. *Cate*, 5 N. H. 144 ; 28 Am. Dec. 476.

CAMPBELL, J., delivered the opinion of the court.

As the sale in Louisiana was not invalid because made on Sunday, the defense on that ground is not available in this state. Therefore, the judgment in respect whereof complaint is made as to the validity of the contract is unassailable.

The court ruled erroneously, in holding that the seller of the horse was exempt from liability for damages, as alleged, because of a want of knowledge by him that the horse had the disease specially guaranteed against. Civil Code of La., art. 2503. This provides that, " The parties may, by particular agreement, add to the obligation of the warranty, which results of right from the sale or diminish its effect," etc.

*The judgment of the court below is reversed, and its action on the*

*pleadings, so far as not consistent with this opinion, set aside, and the cause is remanded for proper entries on the minutes of the circuit court, in accordance with the view we announce, and for further proceedings in the cause, which is to be dealt with, as if no judgment had been given in it.   Each appellant to pay the costs of his appeal to this court.*