(77 South. 981)

COFIELD v. McGRAW & GARNER.
(8 Div. 544.)

(Court of Appeals of Alabama. Feb. 5, 1918.)

1. BROKERS ⊜61(3)—RIGHT TO COMMISSION —IMPOSSIBILITY OF PERFORMANCE.

The mere fact that the principal who employed a broker to sell lands could not sell without the voluntary assent of his wife does not avoid his obligation to pay the broker on his performance of the contract.

2. HOMESTEAD ⊜103 — LIENS — BROKER'S COMMISSIONS.

Enforcement of the principal's obligation to pay broker's commission does not affect his homestead rights by fastening a lien or incumbrance thereon.

3. PLEADING ⊜120(2)—FRIVOLOUS PLEAS— STRIKING PLEAS.

In broker's action for commissions, the principal's plea that the contract was void in that the lands which he sought to sell were the homestead occupied by him and his wife, who did not sign the contract, nor acknowledge it separate and apart from her husband, and that the lands were not in area more than 160 acres, nor in value more than $2,000, was properly stricken as frivolous under Code 1907, § 5322, as to striking such pleas.

4. APPEAL AND ERROR ⊜1008(1)—SCOPE OF REVIEW.

When the judgment of the trial court is accorded the weight of a verdict of a jury, the court, on appeal, is not warranted in disturbing the finding thereby made as to questions of fact.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by McGraw & Garner, a partnership, against J. W. Cofield, in assumpsit. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count claims of defendant $62.40 due from him by account on or about September 14, 1916, for services rendered, defendant by plaintiff as real estate agents, which is just, due, and unpaid. (2) Plaintiff claims of defendant the sum of $62.40, damages for the breach of a contract entered into by him on July 24, 1916, in substance as follows: Plaintiff agreed in said contract to obtain or arrange a sale of defendant's land at and for the sum of $1,550, and defendant agreed in said contract to execute title to the purchaser of said land, and to pay plaintiff 4 per cent. of the purchase money, and plain-

tiff alleged it performed its part of said contract, and obtained a purchaser for said land, who was then and there able, ready, and willing to buy at said price and terms for sale, and plaintiff further alleged that defendant breached its said contract and agreement in this, that he failed and refused to execute title to said land, and failed and refused to pay plaintiff the said commission, and still refuses to pay same. Plaintiff alleges it performed all its duties under the terms of said contract, but defendant has failed to comply with his said contract.

The demurrers were that the complaint stated no cause of action. For aught that appears defendant had no right to execute title to said land, or had no title to said land. It is not shown that defendant had any land about which he could contract. It is not alleged that the money was offered to said defendant for said land. No facts are alleged which show any duty on the part of defendant to execute a conveyance to said lands. There is nothing alleged which shows a valid contract by defendant on which this suit is found. The following is plea 6:

Said alleged contract here sued on is void in this, that the said lands listed therein with plaintiff for sale is the homestead of this defendant; that his wife is living, and defendant, together with his said wife, reside on said land as his homestead, and so resided thereon on the date when said alleged contract purported to have been executed; defendant's said wife did not sign said alleged contract, and did not acknowledge same separate and apart from her said husband, as directed in the statutes for the alienation of homesteads, and said lands described in said alleged contract is not in area more than 160 acres, and is not in value more than $2,000.

W. L. Chenault, of Russellville, for appellant. James L. Orman and Travis Williams, both of Russellville, for appellee.

BROWN, P. J. On the principles announced in the following cases, the demurrers to the complaint were properly overruled: Stout v. Thornhill, 79 South. 154;[1] Birmingham L. & L. Co. v. Thompson, 86 Ala. 146, 5 South. 473; Handley v. Shaffer, 177 Ala. 636, 59 South. 286; Bailey v. Padgett, 195 Ala. 203, 70 South. 637; Barnes v. Marshall, 193 Ala. 94, 69 South. 437; Kellar v. Jones & Weeden, 196 Ala. 417, 72 South. 90.

[1-3] The fact that the defendant could not convey the lands he employed the plaintiffs to sell without the voluntary signature and assent of his wife certainly does not avoid the defendant's obligation to pay the plaintiffs for their services in procuring a purchaser for the land at defendant's instance, and in accordance with the contract between the parties. The enforcement of this obligation to pay in no way affects the defendant's homestead rights by fastening a lien or incumbrance thereon. The defendant's sixth

plea was frivolous, and was properly stricken. Code 1907, § 5322.

[4] The questions as to whether the defendant withdrew his proposition to sell the lands before the purchaser was procured, and as to whether the purchaser was acting in good faith and was ready, willing, and able to buy the lands, were of fact, and when the judgment of the trial court is accorded the weight of a verdict of a jury, we do not feel warranted in disturbing the finding made. Veid v. Roberts, 200 Ala. 576, 76 South. 934; Hatfield v. Riley, 199 Ala. 388, 74 South. 380; Hackett v. Cash, 196 Ala. 403, 72 South. 52.

Affirmed.