PAGE *v.* SADLER.

[99 So. 8.   No. 23749.]

(Division A. Feb. 18, 1924.)

1. CONTRACTS. *Forbearance is a sufficient consideration to uphold debtor's promise to pay creditor's debt to third person.*
    Forbearance is a sufficient consideration to uphold a promise of one to pay the debt of his creditor to a third person even though such creditor is not a party to such agreement.

2. SUNDAY. *Illegality of contract because made on Sunday is affirmative defense which cannot be proved under general issue without notice.*

The defense that a contract is illegal and unenforceable because made on Sunday is an affirmative defense, and under section 744, Code of 1906 (section 527, Hemingway's Code) cannot be proved under the general issue without notice.

Appeal from circuit court of Yazoo county.

Hon. W. H. Potter, Judge.

Suit by W. R. Page against B. O. Sadler. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*E. L. Brown, Barbour & Henry,* for appellant.

This suit was upon a written promise of the appellee to pay the appellant four hundred twenty-one dollars and twenty-six cents, the whole of which was on one sheet of paper, being this: "Mr. Page, please pay Mr. R. T. Johnson four hundred twenty-one dollars and twenty-six cents, my account, and we will fix it up in our hogs.

C. E. Lefler."

February 24, 1918.

"On or before 1st or 15th of April, I will pay this bill to W. R. Page, for C. E. Lefler, as I owe him this money.

"B. O. Sadler."

The counsel for appellee argued that, as Lefler was the debtor, and was not a party to the agreement, the appellee was not bound to forbear, and that, therefore, there was no consideration for appellee's promise; that, as Lefler was not a party to the agreement, a novation did not take place, and, therefore, there was no consideration for appellee's promise. It was also insisted that the promise of appellant was to grant appellee an extension of time, and that, as he owed apellant nothing, there was no consideration.

There was no necessity for Lefler to be cognizant of the agreement between Page and Sadler, in order that

Page be bound to forbear. *Hall* v. *Clopton,* 56 Miss. 557. Had Page sued Lefler before the 15th of April he might have pleaded the promise of Page to Sadler in abatement of the action. *Morgan* v. *Bank,* 44 Ill. App. 582. The statute of frauds was not pleaded, but, had it been, it was not required that the written instrument state the consideration in order to meet its requirements. *Wren* v. *Pearce,* 4 S. and M. 91.

The promise of Page to forbear was express. Sadler promised to "pay this bill for C. E. Lefler," and Page did forbear. *Boyd* v. *Frieze,* 5 Gray (Mass.) 554; *Edgarton* v. *Weaver,* 105 Ill. 43; *McMicken* v. *Safford,* 197 Ill. 540; *Breed* v. *Hillhouse,* 7 Conn. 523.

Novation could not take place without Lefler's being a party to the agreement, but Sadler and Page could accomplish the release of Lefler and the substitution of Sadler, without his being a party thereto, though novation could not, technically speaking, take place. Sadler could purchase for, and Page could grant, Lefler complete exoneration from the debt, without his knowledge, just as well as any other benefit might have been purchased and granted him. 20 R. C. L. 361, par. 2, title "Novation."

Finally, as to the proposition that Sadler, and not Lefler, was granted time, and, as Sadler owed Page nothing, there was no consideration for Sadler's promise, which proposition is attempted to be rested upon the testimony of Page. No debt, except the one due from Lefler to Page, was mentioned; the collection of no other debt was sought by Page; he made no claim against Sadler; he presented to Sadler the evidence of Lefler's debt; on the instrument evidencing that debt of Lefler, Sadler promised to pay "for Lefler," "this bill," and it is inconceivable that a forbearance to Sadler could have been intended.

In *Clopton* v. *Hall,* James Houghton did, for his brother, exactly what Sadler did for Lefler. The courts hold

that, if there be doubt that the contract is supported by a sufficient consideration, the doubt must be resolved in favor of its validity. 47 Amer. Dec. 682; 37 Eng. C. L. Repts. 108. Which is the more reasonable view, that Page and Sadler intended an absurdity, or to make a perfectly binding contract?

The jury should have been permitted to pass upon the question of what the "understanding and intention" of Page and Lefler was, if the testimony was even susceptible of two constructions, for "it is well settled in our state that, where a peremptory instruction is given, the losing party is entitled, upon a review of the action of the court, to have all facts in his favor considered as true. A peremptory instruction is proper, only in cases where, with all the facts in evidence taken as true, with every inference from them, they fail to maintain the issue." *McCaughan* v. *Young,* 85 Miss. 277; *Whitney* v. *Cook,* 53 Miss. 551.

*Barnett & Perrin,* for appellee.

If the extension were given the appellee, and not Lefler, the extension could not be a consideration for appellee's promise. Notwithstanding appellee's promise there was nothing to prevent the appellant from at once proceeding against Lefler unless Lefler's obligation was extinguished by the promise of the appellee to pay, but this is not the consideration pleaded nor sustained by the evidence, or insisted on.

If a novation had been pleaded, the evidence would not have sustained it as Lefler's consent was necessary to make it effective, and he never consented. *Adams* v. *Power,* 48 Miss. 450; *Virden* v. *Murphy,* 78 Miss. 578.

The authorities cited by counsel are not pertinent as no extension was given Lefler. The appellee was under no obligation to pay the appellant and his promise to do so on or before the first or fifteenth of April, being with-

out consideration, created no legal obligation. If Sadler's agreement was otherwise enforceable, it being made on Sunday makes it void.

If on demurrer, though not assigned as a cause, it appearing that the contract was made on a Sunday, the court would have dismissed the suit, why has not the court the power, and is it not its duty at any time during the trial, though there be no plea, to dismiss? The court in so doing would simply be announcing the law on an admitted state of facts. *Handy* v. *Globe Publishing Company*, 4 L. R. A. 446.

In *Herndon* v. *Henderson*, 41 Miss. 584, the court held that a plea should have been filed, but in that case, the contract sued on did not show on its face that it was made on Sunday, and the court only held that no evidence of its being made on Sunday could be considered without a plea or notice.

Anderson, J., delivered the opinion of the court.

The appellant, W. R. Page, sued the appellee, B. O. Sadler, in the circuit court of Yazoo county to recover on the written promise of the latter to pay the debt of a third person. At the conclusion of appellant's testimony on motion of the appellee the same was excluded and a verdict directed for appellee, from which appellant prosecutes this appeal.

The questions involved arose out of the following facts: Lefler was indebted to Johnson in the sum of four hundred twenty-one dollars and twenty-six cents and for the purpose of paying the same drew a draft for that amount in favor of Johnson on the appellant, which draft appellant paid, and thereby Lefler became indebted to appellant for that amount. Thereafter appellee, Sadler, became indebted to Lefler in the sum of five hundred dollars. The appellant was pursuing Lefler for the purpose of collecting from him the amount of said draft so drawn. Learning that appellee was indebted to Lefler

in the sum of five hundred dollars appellant approached
appellee and requested him to pay said indebtedness so
held by appellant against Lefler. Appellant agreed to do
so provided he was given further time, to which the ap-
pellant consented. Appellant at the time had in his pos-
session said draft drawn on him by Lefler and by him
paid to Johnson at the bottom of which he wrote the
following, which was signed by appellee:

February 24, 1918.

"On or before the 1st and 15th day of April I will pay
this bill to W. R. Page for C. E. Lefler as I owe him this
money.

[Signed] "B. O. SADLER."

This was the obligation which was the basis of ap-
pellant's suit against appellee.

The said arrangement between appellant and appellee
by which the appellee promised to pay appellant the debt
due the latter by Lefler was without the knowledge or con-
sent of said Lefler. It is argued that the trial court was
justified in excluding appellant's testimony and directing
a verdict for appellee because appellee's said promise to
pay was without consideration and therefore had no
binding force.

On the other hand it is contended by appellant that
the forbearance given appellee for the payment of said
indebtedness was a sufficient consideration to uphold the
appellee's promise.

As we view it the case of *Hall* v. *Clopton,* 56 Miss. 555,
before the court the first time, as reported in 51 Miss.
482, is squarely in point in favor of appellant's conten-
tion in the case. James Haughton promised to pay Hall
the debt of his brother Lafayette Haughton if Hall
would forbear suit against the latter for a certain time.
Forbearance was actually agreed to and given, which was
done without the consent of Lafayette Haughton and over
his protest. It was contended by James Haughton that
there was no consideration for said promise on his part.
The court said among other things:

"If James Haughton signed the notes in consideration that suit should be forborne against Lafayette, and suit was actually so forborne, this is sufficient to support the contract, and we know of no principle or authority which renders it void because Lafayette had not requested or assented to it. It was entirely competent for James to bargain with Hall, when informed that suit was about to be instituted against his brother, that he would become a guarantor of the notes if time should be given. The loss of time to Hall, and the consequent risk thereby incurred, is a sufficient consideration to support the contract, without regard to whether there was any benefit derived, either by James or by Lafayette. Loss, or the danger of loss, to the creditor is a consideration as sufficient as benefit to the debtor."

The effect of appellant's evidence was to show that appellee promised to pay the debt of Lefler provided appellant would delay the day of payment. This appellant agreed to, and thereupon the appellee signed the written promise sued on which fixed the day of payment nearly two months off.

We are of opinion therefore that said promise was based on a sufficient consideration.

It is contended by appellee that his promise to pay said indebtedness is void because it was made on Sunday. This question is first presented here in this court. It was not presented in the court below by the pleadings, nor was there any evidence introduced to show that the date of the promise, February 24, 1918, was on Sunday. The calendar, however, shows that in fact February 24, 1918, was Sunday. Appellant argues that this question cannot be raised in this court because it is not presented by the pleadings, and to support the contention relies on *Herndon* v. *Henderson,* 41 Miss. 584, in which it was held that evidence that a contract sued on was executed on Sunday was not admissible under the general issue without notice. Section 744, Code of 1906 (section 527, Hem-

ingway's Code), provides among other things that if a defendant desires to prove under the general issue any affirmative matter he shall give notice thereof in writing annexed to or filed with his plea; otherwise, such matter shall not be allowed to be proved on the trial. The defense that the contract in question was made on Sunday is an affirmative defense, and could not be proved under the general issue without notice as provided by the statute. The question is ruled by *Herndon* v. *Henderson, supra.*

*Reversed and remanded.*