GRAPICO BOTTLING CO. *et al v.* ENNIS.*

(In Banc.   Nov. 30, 1925.   Suggestion of Error Overruled Dec. 7, 1925.)

[106 So. 97.   No. 25015.]

1. CORPORATIONS.   *Stockholder not liable for debts and liabilities of corporation; stockholder, not participating in bottling of drinks, not liable for damages resulting to buyers.*

    A stockholder of a corporation is not liable for the debts and liabilities of the corporation; and, where a corporation bottled drinks, a stockholder is not liable for damages resulting to buyers, where the stockholders did not participate in the actual bottling of the drinks.

2. SUNDAY.   *Person buying drink on Sunday not entitled to recover against manufacturer on theory of implied warranty of wholesomeness of drink.*

    Under section 1366, Code of 1906 (Hemingway's Code, section 1102), a person who buys a drink on Sunday, being *in pari delicto* with the seller, is not entitled to recover against the manufacturer on the theory of implied warranty of the wholesomeness of said drink.

3. SALES. *Before manufacturer is liable to person for breach of warranty of fitness and wholesomeness of drink, party injured must have obtained some rightful possession thereof; implied warranty of wholesomeness of drink runs with sale; if sale is void by statute, recovery cannot be had on warranty.*

Before a manufacturer is liable to a person for the breach of a warranty of the fitness and purity of its drinks, the party injured must have obtained some kind of rightful possession of the drink. The implied warranty runs with the sale, and passes with the title, and where the sale is made void by statute a recovery cannot be had.

HOLDEN and COOK, JJ., dissenting.

---

*Headnotes 1. Corporations, 14 C. J., Section 1474; 2. Sunday, 37 Cyc., p. 570; 3. Sales, 35 Cyc., pp. 88, 401.

APPEAL from circuit court of Jones county, Second District.

HON. R. S. HALL, Judge.

Action by John Henry Ennis against the Grapico Bottling Company and another. Judgment for plaintiff, and defendants appeal. Reversed, and judgment entered for defendants.

*Welch & Cooper,* for appellants.

The case was tried by the plaintiff on the theory that there was an implied warranty on the part of the manufacturer that the product of its plant was free from impurities. The jury was instructed in effect that the defendants were insurers against impurities. The trial court followed *Jackson Coca Cola Bottling Co.* v. *Chapman,* 106 Miss. 864, 64 So. 791, and *Rainwater* v. *Hattiesburg Coca Cola Bottling Co.,* 95 So. 444, 131 Miss. 315. See also 117 Miss. 490, 78 So. 356.

We contend earnestly that the doctrine of implied warranty is not applicable on account of the sale having been made on Sunday. Certainly there can be at no time, and under no circumstances an implied contract when an express written contract would have been void, as contrary

to law and public policy. The plaintiff testified that he bought the soft drink on a Sunday. The transaction was in plain violation of sections 1366 and 1367, Mississippi Code of 1906, sections 1102 and 1103, Hemingway's Code. Gilbreath could not have recovered from plaintiff the price of the drink. If any special warranty had been made by Gilbreath to plaintiff, the plaintiff could not have recovered on such warranty made on Sunday. *Miller* v. *Lynch,* 38 Miss. 344; *Kountz* v. *Price,* 40 Miss. 341; *McKee* v. *Jones,* 67 Miss. 403, 7 So. 348.

It follows that the directed verdict requested by each of the defendants should have been granted. We ask the court to reconsider the doctrine of implied warranty announced in the *Chapman case, supra.* The Chapman case is in conflict with the great weight of authority and opens the door for fraud and is productive of perjury.

A very recent case on this point is *Bertha Cysky* v. *Drake Bros. Co.,* 235 N. Y. 468, 129 N. E. 576, 27 A. L. R. 1533. The authorities in support of and against the doctrine of the Chapman case are collated and analyzed in the note to *Windram Manufacturing Co.* v. *Boston Blocking Company,* 131 N. E. 454, 17 A. L. R. 669.

A case absolutely in point, and one wherein the Chapman case is cited, and its doctrine condemned is *Birmingham Chero Cola Bottling Company* v. *Clark,* 89 So. 64. See also *Tonsman* v. *Greenglass et al.,* 142 N. E. 756; *Davis* v. *Van Camp Packing Co.,* 176 N. W. 382; *Crigger* v. *Coca Cola Bottling Co.,* 179 S. W. 155.

The court below treated the negligence of the bottler as being a liability that would run with the property, and the owner of the property as liable. The corporation sold its assets to an individual as it had a right to do. It so happened that the individual purchaser of the assets of the corporation was a stockholder of the corporation. But there was no hint or intention that this purchaser knew anything of this liability. Debts of the corporation would not have become debts of the individual purchaser for valuable consideration, and to us it seems unthink-

able that the individual defendant became liable by reason of his acquiring property of the corporation. If this were the law the owner of an automobile who was negligent in the operation of it so that he damaged an individual could pass on his liability for such damage to another by selling to some one else the automobile that had been negligently used. Inanimate objects may be reached to satisfy a judgment, but certainly the use of inanimate objects cannot result in fixing liability of a former owner on a subsequent one. It follows that a directed verdict should have been given.

*Jeff Collins* and *J. T. Taylor*, for appellee.

Counsel for appellee states that: ''The case was tried by the plaintiff on the theory that there was an implied warranty on the part of the manufacturer that the product of its plant was free from impurities.'' That theory, we submit, is in keeping with all the law on the question in this state, and the cases cited by appellee, *Jackson Coca Cola Bottling Co.* v. *Chapman,* 106 Miss. 864, 64 So. 791, and case of *Rainwater* v. *Hattiesburg Coca Cola Bottling Co.,* 95 So. 444, properly propounded the law on the question, and all the instructions given both for plaintiff and for defendants in this case were in accord with the law controlling suits of this kind. This case is identical in facts with those cases, and naturally must be identical in law, and, therefore, the instructions given in this case being similar to those given, and in accordance with the law in those cases cited, it naturally follows that it is correct.

But appellee insists that since Ennis bought the root beer on Sunday from Gilbreath he should not be allowed to succeed in this case, insinuating that Ennis, in buying the root beer on Sunday, was an outlaw. We submit that there is no law against the buying on Sunday, even if there is a law against selling on Sunday. Ennis bought, he did not sell. He violated no law, even if Gilbreath did.

Gilbreath sold. Ennis bought root beer. Even at that, the proof shows that the flies were not put into the root beer on Sunday. The proof is that the flies were in the root beer when it reached Gilbreath, and not on Sunday. We submit that the proximate cause of the injury was not the drinking of the root beer, but was the putting of the flies in the root beer that Ennis afterwards drank.

"Where an attorney is retained on a secular day, he may recover for the value of the retainer, although he may have conferred with his client on Sunday." *Bowers* v. *Jones et al.,* 86 So. 711.

The more enlightened rule, and the one supported by the great weight of authority, is that a violation of the Sunday law by the person injured does not prevent a recovery, as such violation is not the efficient proximate cause of the injury, or an essential element of the cause of action; and as the time when the injury was inflicted is only an incident and not the foundation of the action. 37 Cyc. 573; *Black* v. *City of Lewiston* (Idaho), 13 Pac. 80; *Louisville N. A. & C. R. Co.* v. *Frawley* (Ind.), 9 N. E. 594; *Morris* v. *Chicago M. & St. P. R. Co.,* 26 Fed. 23; *Knowlton* v. *Milwaukee City Ry. Co.* (Wis.), 18 N. W. 17; *Opsahl* v. *Judd* (Minn.), 14 N. W. 575.

These, and other cases of this character, all bearing on this subject, are to be found in note at the end of *Merchants Wharf-Boat Association* v. *Wood,* 2 So. 76.

As between appellant and appellee in this case the Sunday law does not enter. Neither one of them was violating any Sunday law and it should not be injected into the case, but since counsel for appellee has done so we are quite sure that our explanation of the rule of law on that question is sufficiently clear, and we are certain clearly demonstrates that had Ennis been violating a Sunday law it would not have changed the situation at all, and we, therefore submit that this case under all circumstance should be affirmed.

*Welch & Cooper,* in reply for appellants.

This case is one sounding in contract. 40 Cyc. 492. The contract is void because of a violation of the Sunday law. The contract of sale was void and the warranty was implied by law as a part thereof, and necessarily it goes down with the contract. The court, through a long line of cases, has held Sunday contracts to be void. *Kountz* v. *Price,* 40 Miss. 341; *Block* v. *McMurry,* 56 Miss. 217.

Counsel say that the flies were in the bottle before they reached Gilbreath. This may be true. But this argument is not material here. There was no contractual relationship of any nature between appellants and appellee until that bottle was sold. It was sold on Sunday and is void of necessity. Had appellee bought the bottle on a credit, Gilbreath could not have recovered on the contract for it was void absolutely.

Counsel cite a number of cases all sounding in tort. *The Black case,* 13 Pac. 80, was a personal injury case. *The Frowler case,* 9 N. E. 594, was also a personal injury case. All of the cases cited are such. But there is still another reason why there is no liability here. See *Foster* v. *Wooten,* 7 So. 501, 67 Miss. 540.

Within the principle of *Western Union Tel. Company* v. *McLaurin,* 66 So. 739 (Miss.), there should have been a peremptory instruction for appellants.

Argued orally by *Ellis B. Cooper,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellee sued the Grapico Bottling Company, a corporation, and Philip Carriere, an individual, jointly for damages caused by drinking a bottled drink put up by the Grapico Bottling Company and sold by it to a dealer in Ellisville, Miss., and sold by such dealer on a Sunday to the plaintiff, and in which bottled drink it is alleged there were a number of flies, some of which the plaintiff claims he swallowed, and that he was thereby

made sick for a time. It is alleged that the Grapico Bottling Company, on or before September 7, 1924, operated a bottling establishment which manufactured and sold soft drinks, and it is alleged that said bottled drink containing flies which the plaintiff drank was manufactured and put up by said Grapico Bottling Company, but that subsequently a petition had been filed in the chancery court to surrender the charter of the corporation and to dissolve it, and that at the time of the filing of such petition Philip Carriere was the sole owner of such stock, as shown in the petition for dissolution; that said petition for dissolution also showed that the corporation owed no debts, and the chancery court decreed the dissolution of the corporation and the surrender of its charter; that Philip Carriere, the defendant, took charge of all of the property of the corporation. The declaration was not predicated upon the negligence of the bottling company at the time of the bottling of the drink, but was predicated upon the theory of an implied warranty.

The defendants sought to defend on the ground that they were not liable, unless for negligence in the manufacture and bottling of said drink; but the court below refused to give instructions to the jury for the defendants, based upon that theory. There was also a requested peremptory instruction as to the defendant Carriere, and also as to the corporation, which peremptory instructions were refused. The peremptory in favor of Carriere was based upon the theory that he was not liable, because the corporation at the time of the bottling of the drink was an existing corporation, operating the plant, and was not shown to be insolvent, and that he himself did not actually do the bottling. The peremptory for the corporation was sought upon the ground that the sale to the plaintiff was made on a Sunday and was void, being in violation of the statute, and that the plaintiff was *in pari delicto,* and could only

recover by showing a transaction prohibited by the law in which he was a participant.

A stockholder of a corporation is not liable for the acts of the corporation, and, if there is any liability against Carriere at all, it was for the value of the property received by him from the corporation, and it was error to enter a personal judgment against him, and we think on the proof in the record the peremptory instruction as to him should have been given.

We are also of the opinion that there was no liability, or at least that the plaintiff had no right of action, because he was *in pari delicto* in a transaction involving a violation of sections 1366 and 1367, Code of 1906 (Hemingway's Code, sections 1102 and 1103). Section 1366, Code of 1906 (Hemingway's Code, section 1102, as amended by chapter 25, Laws of 1917), reads as follows:

"If any person, on the first day of the week, commonly called Sunday, shall himself labor at his own or any other trade, calling, or business, or shall employ his apprentice or servant in labor or other business, except it be in the ordinary household offices of daily necessity, or other work of necessity or charity, he shall, on conviction, be fined not more than twenty dollars for every offense, deeming every apprentice or servant so employed as constituting a distinct offense; but nothing in this section shall apply to labor on railroads or steamboats, telegraph or telephone lines, street railways or in the business of a livery stable, garage or gasoline stations, meat market or icehouse."

Section 1367, Code of 1906 (Hemingway's Code, section 1103), reads as follows: "A merchant, shopkeeper, or other person, shall not keep open store, or dispose of any wares or merchandise, goods or chattels, on Sunday, or sell or barter the same; and every person so offending shall, on conviction, be fined not more than twenty dollars for every such offense; but this shall not apply to apothecaries or druggists who may open their stores for the sale of medicines."

Our courts have generally held that transactions made in violation of the Sunday law were void, and that no party could recover on such contracts, when they were *in pari delicto.* In *Miller* v. *Lynch,* 38 Miss. 344, it was held that a promissory note executed on Sunday to secure the payment of a balance due by the maker, upon a statement made on that day of transactions which previously took place between the parties, is void. In *Kountz* v. *Price,* 40 Miss. 341, it was held that a note executed on a secular day as security for the price of property sold and delivered to the maker on Sunday was void. In *Jones* v. *Brantley,* 121 Miss. 721, 83 So. 802, 8 A. L. R. 1353, we held that an attorney could not recover for that class of legal services rendered on Sunday which the statute did not authorize to be done on Sunday, but that he could recover the reasonable value of a retainer made on a secular day; the contract being a divisible contract. The attorney there was not permitted to recover for legal services rendered on Sunday, which were not authorized by the statute.

Before the manufacturer in this case was liable to any person for a breach of its warranty of the fitness and purity of its drink, the party injured thereby must have some kind of rightful possession of the drink. The implied warranty runs with the sale and passes with the title, and where the sale as in this case is made void by the statute, and where he is a participant in the sale, he cannot recover, although the statute makes the crime, apparently, apply to the seller alone. His action in making the purchase is illegal. It violates both secular and sacred laws in doing so, and the courts will not give him relief for injuries he suffered in so doing, where the injury is brought about by his own illegal act, or an illegal act in which he is a joint participant voluntarily.

The judgment of the court below will therefore be reversed, and judgment entered here for the appellants.

*Reversed and judgment here.*

HOLDEN, J. (dissenting).

I dissent from the view of the majority as to nonliability because the drink was purchased on Sunday. The rule announced is not only erroneous, but is calculated to be of great injury to the public. It means that an innocent person, who purchases a bottled drink on Sunday and finds it poisoned or so filled with filthy flies, like the present case, as to cause him great sickness and suffering from drinking it, has no remedy against the seller or the manufacturer of the poisoned drink. The rule of *pari delicto* cannot be invoked, in my judgment, because the principle is not involved.

The manufacturer of the bottled soft drink impliedly warrants its purity to the public. This has been held many times by our court and is conceded to be the law. And when the manufacturer bottles a poisoned drink, or poisons it after it is bottled, he is liable to any person who may purchase and consume it, and that is true whether it is purchased on Sunday or on a secular day. The breach of the warranty of purity is committed at the time when the manufacturer bottles the poisoned drink and puts it upon the market for sale. The purchase and drinking of the fluid on Sunday is merely incidental to the breach of the warranty by the manufacturer, committed on a previous day when he bottled the poisoned drink.

The purchaser on Sunday violates no law whatever, and therefore it is not the innocent and lawful act of the purchaser which brings about the injury, but the efficient and proximate cause of the injury is the bottling of the poisoned liquor on a previous secular day; the purchase and consumption of the article happened to be on Sunday but the fact that the drink was purchased on Sunday was not the efficient cause of the injury. The implied warranty of purity by the manufacturer was made on a legal day—the day the bottle was sealed and offered to the public for sale with the flies in it. The purchaser of the drink was no party to the bottling of the flies. The time when the drink was purchased, to-wit, Sunday,

did not in any way contribute to the breach of the implied warranty of the manufacturer, nor to·the injury and damage resulting from the poisoned condition of the drink.

The buying and drinking of the liquid on Sunday was merely incidental to the breach of the implied warranty by the manufacturer, when he bottled the drink and put it upon the market for the use of the general public. His warranty of purity was to the general public, and the so-called contract· of guaranty of purity is a warranty provided by law for the benefit of the public, and in that way is different from the warranty in the private individual contract, and therefore the same principle with reference to when such contract is breached does not apply; but, I think, in such a guaranty the breach takes place at the time the manufacturer bottles and seals his poisoned goods and puts them upon the market for the use of the innocent public.

The rule announced by the majority opinion will have the effect of freeing from all liability every vendor of drinks, creams, confections, etc., sold on Sunday, regardless of the amount of damage that may be done to innocent men, women, and children, who happen to purchase poisoned drinks during the Sabbath, although they are perfectly innocent so far as violating any law, and they may believe they have the right to assume that the drinks sold them on any one of the seven days of the week will be pure and fit for use. The majority holds, however, that for poison administered on Sunday there is no liability. There is no reasonable basis for such discrimination against Sunday.

COOK, J., concurs in this dissent.