## Stamps v. Frost et al.

(Division B. Dec. 9, 1935. Suggestion of Error Overruled Jan. 13, 1936.)

[164 So. 584. No. 31899.]

**Dean Belk**, of Holly Springs, for appellant.

Smith & Smith, of Holly Springs, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellees, Mrs. Arlena and Loyse Frost, brought this action of replevin in the circuit court of Marshall county, against appellant to recover certain farm products, described in the declaration, which had been seized under a distress for rent theretofore sued out by appellant

against appellees. At the conclusion of the evidence, the court, on request of appellees, directed a verdict and judgment in their favor upon the ground that the contract involved was a Sunday contract. From that judgment appellant prosecutes this appeal.

The propriety, therefore, of the directed verdict is the question. Appellant resided in Tennessee, but owned a farm in Marshall county in this state. He rented the farm to appellees for the year 1934, for which they agreed to pay a rental of six bales of middling cotton, first picking, weighing five hundred pounds each, ginned and wrapped. The contract was in writing, dated August 21, 1933; its terms were agreed on in the state of Tennessee, and it provided that the six bales of cotton should be delivered to appellant in that state at Collierville. Appellees failed to deliver the six bales of cotton as provided in the contract. Appellant sued out distress for the rent, as provided in the Code chapter on landlord and tenant, under which certain agricultural products raised by appellees on the leased premises were seized. Appellees, proceeding under sections 2208 and 2209 of the chapter on landlord and tenant, Code of 1930, filed their declaration against appellant in the form provided by the latter section. Attached to the declaration and referred to as a part of it was the written contract of lease, and an elaborate statement setting out the facts upon which appellees relied as ground for recovery of the property seized under distress. If true, it showed that appellees were not indebted to appellant in any sum for rent, but, on the contrary, that appellant was indebted to them.

There was no allegation, either in the declaration or in the grounds relied on for recovery, made a part of the declaration, that the lease contract was made on Sunday. The Sundays in the month of August, 1933, were the 6th, the 13th, the 20th, and the 27th. As above stated, the contract was dated the 21st.

Appellee Loyse Frost in his testimony stated that the

terms of the contract were agreed on "the first of August, 1933, at Collierville." Appellant testified that the contract was verbally agreed upon (quoting his language), "I think it was on Sunday afternoon they came over but I don't know for sure." He was asked if the written contract they afterwards executed was made on Sunday afternoon, to which he replied: "I don't remember exactly whether it was Sunday afternoon or not but I think it was."

Appellant made no objection to this testimony upon the ground that he had been given no notice by appellees' pleading that they relied on the Sunday statute to void the contract. In Page v. Sadler, 134 Miss. 459, 99 So. 8, it was held that the defense that a contract was illegal and unenforceable because made on Sunday was an affirmative defense and could not be proved under the general issue without notice. We do not mean to hold that appellees were required to set out in their declaration that they relied on the Sunday statute as a ground for recovery, but we do hold that where, as in this case, the plaintiff in his declaration undertakes to set out in detail the grounds on which he relies for recovery, he must set out his whole case. In other words, if he undertakes to give his adversary notice of the case he has, he must not leave out a material part of it; he must put him on notice of his whole case. Appellees' failure in this respect, however, is not reversible error because appellant failed to take advantage of it by objecting to the evidence. What is said is for the guidance of the court on another trial.

Section 1131, Code of 1930, makes it a criminal offense for any person, on Sunday, to labor at his own or any other trade, calling, or business, or employ his servant so to do, except in household affairs of daily necessity, or other work of necessity or charity, and certain other exceptions not necessary to mention.

The Tennessee Sunday statute, section 5253, Code of Tennessee 1932, is in this language: "If any person shall

be guilty of exercising any of the common vocations of life, or of causing or permitting the same to be done by his children or servants, acts of real necessity or charity excepted, on Sunday, he shall, on due conviction thereof before any justice of the peace of the county, forfeit and pay ten dollars, one-half to the person who will sue for the same, the other half for the use of the county.''

The evidence was somewhat indefinite as to whether the terms of the contract were agreed upon on Sunday, although the preponderance of it was to that effect. We are of opinion, therefore, that it was a question for the jury under proper instructions by the court as to whether it was a Sunday contract or not.

So far as this case is concerned, the applicable provisions of the Mississippi statute and the Tennessee statute are substantially the same. There appears, however, to be a difference in the construction of the two statutes by the courts of the respective states. The evidence tended to show that if all the terms of the contract were in fact agreed upon on Sunday, it was not to be considered as binding between the parties until it was reduced to writing and signed, and that this was done several days afterwards on a secular day. Such a contract is void under the construction put upon our Sunday statute by the Supreme Court, Kountz v. Price, 40 Miss. 341, while it is valid under the construction put on the Tennessee statute by the Supreme Court of that state, Moseley v. Vanhooser, 6 Lea (74 Tenn.) 286, 40 Am. Rep. 37; Baker & Stratton v. Louisville & N. R. Co., 10 Lea (78 Tenn.) 304. In the Moseley case the court said: ''If a contract is to be held void because made on Sunday, it certainly should be technically complete on that day.'' In that case all the terms of the contract were agreed upon on Sunday, except that the purchaser had the right to examine the oxen, which were being sold, the next day. In the Baker & Stratton case the court used this language: ''Lastly, the court was asked to say that a contract entered into Sunday, but not to be exe-

cuted until Monday, was not illegal. It seems to have been so held by this court, [Moseley v. Vanhooser], 6 Lea [(Tenn.) 286], 288, [40 Am. Rep. 37.]''

Which rule applies, that of Mississippi or that of Tennessee? We think, under the authority of McKee v. Jones, 67 Miss. 405, 7 So. 348, that the latter does. It was held in that case that a seller of personal property, when sued in this state upon his warranty, could not defend upon the ground that the sale was made on Sunday, where the sale occurred in Louisiana; there being no law in that state prohibiting the enforcement of Sunday contracts. In other words, in such a case, the courts of this state would apply and enforce the law of Louisiana and not of this state.

Reversed and remanded.