## THOMPSON v. WEEMS.

### No. 9225.

Circuit Court of Appeals, Fifth Circuit.

May 3, 1940.

SIBLEY, Circuit Judge, dissenting.

Hubert S. Lipscomb and W. Calvin Wells, Jr., both of Jackson, Miss., and Robert H. Powell, of Canton, Miss., for appellant.

J. H. Howie and Joseph H. Howie, both of Jackson, Miss., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves a controversy over the proceeds of insurance upon the life of Jim Thompson, deceased. When the certificate of insurance was issued, his niece, the appellee, was named therein as the beneficiary. After about seven years, four hours before his death, he requested his employer in writing, as his agent, to change the beneficiary from Nannie Weems (appellee) to Percy Thompson (appellant).

The entire transaction was made and completed on Sunday, if it was ever completed. On a motion for summary judgment, the lower court held that the change of beneficiary was a secular transaction which was void because it took place on Sunday.

The act of the deceased was not a testamentary disposition of property. It was not a gift for several reasons. The policy had no cash value prior to death; there was no delivery; and the transaction was between the insurer and insured. The insured had paid for the right to change the beneficiary at will, and he could make that change on any secular day as often as he desired; but he did not have the right to make it on Sunday, which is the decisive point on this appeal.

The effort to change the beneficiary was an attempt by the insured to transact business with the insurance company on Sunday. If the insured had appeared at the office of the insurer and personally requested a change of beneficiary, and the insurer had changed the beneficiary as requested, in exact accord with the terms of the insured's contract, there could be no doubt that both parties would have been transacting business on Sunday in violation of law. If the beneficiary in a life policy may be changed on Sunday, the same may be done with respect to a fire insurance policy. Nothing laborious would be involved in requesting a vacancy permit or other endorsement on a fire insurance policy, but the assured may not delay these matters until Sunday and then request the insurer to make the endorsement, although the right might be without qualification on any other day of the week.

In the instant case, the formalities required by the insurance certificate were not complied with, and the requested change was not recorded or even received by the insurance company; but the appellant cannot claim to be in any better position than if all such formalities had been complied with and the change recorded on the books. It is immaterial whether we regard a change of beneficiary as the amendment, the execution, or the performance of a contract: It was a business transaction between insured and insurer which could not legally take place on Sunday, and which, if it did not take place on that day, did not take place until after the death of the insured. This court is bound to respect the public policy of the state wherein the contract was made and in which it was to be executed. Under the Mississippi statutes and decisions, the execution or performance of a contract of this character, or the modification thereof, on Sunday, is against public policy and void. Miller v. Lynch, 38 Miss. 344; Kountz v. Price & Dickson, 40 Miss. 341; Foster v. Wooten, 67 Miss. 540, 7 So. 501; Strouse v. Lanctot, Miss., 27 So. 606; City of Gulfport v. Stratakos, 90 Miss. 489, 43 So. 812, 13 Ann.Cas. 855; Grapico Bottling Co. v. Ennis, 140 Miss. 502, 106 So. 97, 44 A.L.R. 124; Stamps v. Frost, 174 Miss. 325, 164 So. 584; White's Lumber & Supply Co. v. Collins, Miss., 191 So. 105; Sec. 1131, Miss.Code 1930.

The Sunday laws in Mississippi are strict, but we have no right to engraft exceptions upon them. The insured had seven years in which to change the beneficiary in this policy from his niece to his brother, but waited until he was at death's door to attend to this business. Then an instrument directing the change to be made was drawn with legal precision. Two witnesses were called upon to attest his signature, and the document was delivered to the agent of the insured; but "death is strict in his arrest," and the insured passed away before any notice of the change was given to the insurance company. It is true that the insured only made his mark on the document in question, but for the pur-

poses of this hearing, he signed his name thereto; and all things that were done in procuring the witnesses, preparing the instrument, transmitting it to the agent of the railroad company, and notifying the insurance company are deemed to have been done by him or at his special instance and request.

■ The insurance company was engaged in a trade, business, or calling both when it made this contract and when the beneficiary was intended to be changed. The insured directed and intended that the change be made by the insurance company on Sunday. The original policy was a contract for the benefit of the original beneficiary. If the change is to be treated as having been made before the death of the insured, the insurance company will be deemed to have transacted business on Sunday for the benefit of the insured and the new beneficiary. The insured and the insurer were necessary parties to all that was accomplished on Sunday.

■ If equity regards the change as made on Sunday, the insurance company must be deemed to have transacted business on Sunday by accepting the instrument sent by insured and recording the change on its books. This had to be done on Sunday in order to be effective. If the deceased directed the insurance company to do on Sunday an act against the public policy of the state, his direction was unlawful and did not have to be obeyed. The insurer could not make a contract on Sunday; it could not be required to execute or perform on Sunday a valid contract previously made, and equity does not regard as done that which it is a crime to do. If the insured did not intend for the change to be made by the insurance company on Sunday, then he died before the time came when he intended the change to take effect, and we are faced with the fact that he merely directed his agent to notify the insurer to change the beneficiary and died (the law revoking the agent's authority) before the latter had acted in pursuance of it.

The insurance company compliantly washed its hands of the matter by paying the face amount of the policy into court and claiming over seven per cent of that amount as costs and attorney's fees in the interpleader. The facts as to what took place on Sunday being undisputed, the court below did well to decide, upon a motion for summary judgment, the vital issue so presented, and thereby to save additional expense to all parties and to put a stop to further depletion of the insurance fund.

We concur in the ruling of the district court, and the judgment appealed from is affirmed.

SIBLEY, Circuit Judge (dissenting).

The insurance contract gave the insured complete power at any time to change the beneficiary in writing without the cooperation of the insurer. The original beneficiary had no vested right, but was only an appointee to receive the insured's bounty if in life at his death and if no other person were subsequently named. The suggestion in the policy that a change "be recorded" by the Company—it is not a requirement—was for the benefit of the insurer and was waived by not asserting it and by paying the money into court. Arrington v. Grand Lodge, 5 Cir., 21 F.2d 914; Sbisa v. Lazar, 5 Cir., 78 F.2d 77. Equity will treat the change as accomplished when insured has done all he could. Hall v. Allen, 75 Miss. 175, 22 So. 4, 65 Am.St.Rep. 601.

The insured's changing his beneficiary was perhaps a "secular act", but he violated no law in doing it on Sunday. No one of the Mississippi cases cited declares that a secular act done on Sunday is contrary to public policy. Each of them decides that a particular act or contract violated one or the other of two criminal statutes, and was for that reason illegal and void. One statute, Mississippi Code, Sec. 1132, prohibits keeping open any store on Sunday, and can have no application here. The other, Sec. 1131, punishes anyone who on Sunday "labor[s] at his own or any other trade, calling, or business * * * except it be * * * other work of necessity or charity * * *." Necessity includes emergency. White's Lumber & Supply Co. v. Collins, Miss., 191 So. 105. It is impossible to conclude this man's desire to give his insurance to his brother and his act of making a writing to express it, is laboring in his own or another's trade or calling. The Mississippi court has never so held. It most resembles the making of a will or a gift, and neither of these things has ever been held a violation of the Sabbath laws in Mississippi. This man's act, if within the letter of the law, could still be a case of emergency, which is necessity, if it was known he was about to die, and

could not wait till Monday. It might, if his brother were needy, be also a charity. Only by proving that the insured was paying a debt or entering into some business contract with his brother, could this transaction have been a crime. Such a thing is not alleged or suggested. The judge should have had the issue tried that was pleaded, towit, that the insured was not mentally competent. The Rules of Procedure touching summary judgments as well as the law of Mississippi were misapplied, I think, and there should be a reversal.