SMITH *et al. v.* MILLS.

(In Banc. Feb. 25, 1946.)

[24 So. (2d) 864. No. 36072.]

W. Harold Cox, of Jackson, for appellants.

Brunini & Brunini, of Vicksburg, and **A. A. Rotwein,** of Jackson, for appellee.

**Alexander, J.,** delivered the opinion of the court.

The Southern Appliance Company ·was chartered as a corporation in February 1945. The directors elected W. Q. Smith as general manager and fixed his ·salary at $450 per month. Such salary was paid up to the first day of April, 1945. On said date a special meeting of the directors was called by some of their number, at which time it was voted by all of the directors, except Smith, that he be ousted as general manager and that all salaries be suspended. Such order affected both Smith and the appellant, Miss De Hority, who has been employed as secretary and office manager at a salary of $120 per month.

After the meeting on April 1st, both appellants continued to act and perform their duties. Notices of meetings thereafter given by Smith were ignored by the directors and none were held. The board instructed the bank not to honor checks drawn for salaries and neither appellant received any salary thereafter.

On April 12, 1945, the stockholders filed a petition for a receivership· of the corporation. To this petition, appellants filed an answer and a cross-bill asking personal

damages. On June 20th thereafter, all parties executed a stipulation whereby it was agreed that the petitioners serving as officers of the corporation would file their resignations as such; that they would file their stock certificates with the clerk of the court properly endorsed; that appellants would have a period of forty days thereafter in which to redeem the stock, so deposited, at $77.65 per share; that Class B or common stock would not participate in any distribution; that appellants' cross-bill would be dismissed; and that during such interval no receiver would be appointed. It was further agreed that if the stock was not redeemed within the forty day period, the court might enter a decree dissolving the corporation. The stock was not taken up or redeemed, and a decree was entered on August 10, 1945, appointing appellee, Mills, as receiver.

The salary claims of the manager and the secretary were filed in the receivership in the respective amounts of $1,407.22 and $266.67, covering the period from April 1st to June 20, 1945. As properly stated by the trial judge during the taking of testimony, the crucial inquiry is the validity of the attempted ouster of appellants at the meeting on April 1, 1945. Wherefore, such matters as the business capacity of Smith, the extent and value of his services and the advisability of ultimate dissolution, although of particular interest to the stockholders, must escape our concern.

The purported meeting on April 1st was on Sunday. There is testimony that Smith contested its validity on this ground. The narrow question is presented whether the appellant's contracts were legally abrogated by the action taken on Sunday.

Our statute, Code 1942, Section 2368, prohibits anyone, under penalty of conviction, from laboring "at his own, or any other trade, calling, or business" with certain exceptions not here relevant. Under this section agreements and contracts entered into on Sunday are void. Doubtless the corporation had the statute in mind in providing in

its by-laws (Sec. 3, Art. IV) that meetings of the directors "shall be held . . . on the —— day of each month at nine o'clock A. M.; provided, however, that whenever such day shall fall upon a legal holiday, the meeting shall be held the next succeeding business day." It would seem clear that an original contract of employment if entered into on Sunday would have been void and unenforceable. So likewise an amendment of such contract or its rescission. Thompson v. Weems, 5 Cir., 111 F. (2d) 566, (Miss.); 50 Am. Jur., Sundays and Holidays, Sec. 55, p. 846.

Although briefs of counsel discuss fully principles of estoppel, it remains a matter of inference alone that the trial court denied the claims under such theory. Although directors' meetings had upon occasion been theretofore held on Sunday, the meetings at which Smith was elected manager and at which his salary was fixed were held upon days other than Sunday. We find it unnecessary to support our conclusions by invoking the principle denying resort to estoppel to sustain a contract void as being against the law or public policy. See 50 Am. Jur. 844, Sec. 50; Gist v. Johnson-Carey Company, 158 Wis. 188, 147 N. W. 1079, Ann. Cas. 1916E, 460. Nor does estoppel arise out of the stipulation of June 20th, since its terms are clear and reserve no room for interpolations by inference. There was no attempt at later ratification of the action undertaken April 1st since the board as such refused again to meet.

We find, therefore, that the contracts with Smith and Miss De Hority remained intact, and their claims in the receivership ought not to have been dismissed.

Reversed and remanded.