ARMSTRONG *v.* SHELL.

(In Banc.   May 27, 1946.)

[26 So. (2d) 344.   No. 36147.]

**Engle, Laub, Adams & Forman,** of Natchez, for appellant.

**Joseph E. Brown,** of Natchez, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellant Armstrong, by a replevin proceeding, seized four mules, one wagon and two sets of harness in the possession of appellee Shell. Armstrong owned the property. Shell based his right to possession upon an oral contract he claims was previously made with Armstrong. It is admitted that this contract, if made, was begun, negotiated and entirely concluded on Sunday. That rendered the contract invalid and unenforceable. Section 2368, Code 1942; Miller v. Lynch, 38 Miss. 344; Kountz v. Price, 40 Miss. 341; Block v. McMurry, 56 Miss. 217, 31 Am. Rep. 357; Grapico Bottling Co. v. Emis, 140 Miss. 502, 106 So. 97, 44 A. L. R. 124; Stamps v. Frost, 174 Miss. 325, 164 So. 584; Thompson v. Weems, 5 Cir., 111 F.

(2d) 566; Smith et al. v. Mills, 199 Miss. 367, 24 So. (2d) 864.

But appellee says that Armstrong did not properly invoke the illegality of the contract and that he is in pari delicto and cannot take advantage of it. One may invoke such invalidity either by plea or objection to the evidence of the contract when offered. Stamps v. Frost, supra. Armstrong objected to the evidence and the objection was overruled. Armstrong is not in pari delicto because he is not attempting to enforce the contract. He says no such contract was made. His right is that of an owner. Shell, not Armstrong, is grounding his right on the contract and trying to enforce it.

There are other grounds in the record entitling Armstrong to a judgment but the above is sufficient.

Reversed and judgment here for appellant.