INZER, Justice:
This is an appeal by C. Buck Bush Realty Company from a judgment of the Circuit Court of Hinds County reversing a judgment of the county court wherein appellant was awarded a judgment against appellee Wilber Lee Whetstone for $1,688. We reverse and reinstate the judgment of the county court.
The record in this case reflects that on Saturday, November 28, 1970, appellee Whetstone entered into an “exclusive listing contract” with appellant, acting through Hardy Hayes, its agent, whereby appellant was given the exclusive right as agent for the appellee to sell a house and lot located at 1422 Wooddell Drive in the *137 City of Jackson, for the price of $27,300. The property was the homestead of the Whetstones, but Mr. Whetstone’s wife did not sign the agreement. Hayes was aware that Mr. and Mrs. Charles Crabtree were in the market for a home and he contacted them. On the following day, Sunday, November 29, Hayes showed the home to the Crabtrees who agreed to buy it on the terms suitable to the Whetstones. The parties reduced their agreement to writing and signed the contract on that day although it was dated November 30, 1970. The Crabtrees put up $500 as earnest money to guarantee that they would carry out their part of the contract. Mr. Whetstone authorized Hayes to secure an attorney to prepare the necessary papers to close the deal for him. The papers were prepared, and two days before the date set for the closing of the deal, Whetstone notified Hayes that he was not going to sell the property. Hayes advised Whetstone that he expected him to pay the commission provided for in the contract and to pay the attorney’s fee in the amount of $50. This Mr. Whetstone refused to do.
Appellant then brought suit against Mr. and Mrs. Whetstone seeking to recover the commission provided for in the listing agreement and alleged in the declaration that it was a licensed real estate broker, that it had negotiated the sale of the Whetstone property, and that the owner agreed to pay a regular real estate commission of six percent of the gross sales price. It was also alleged that although the real estate company had fully performed its part of the contract by finding a purchaser, the Whetstones refused to sell their property in accordance with their contract. It was alleged that Mr. Whetstone had authorized the realty company to employ an attorney for him and that he was liable for the attorney’s fee in the amount of $50.
The defendants answered the declaration denying they were liable to the realty company in any amount. It was affirmatively charged that the contract which they had signed to sell their homestead to the Crab-trees was void for the reason that it was entered into on Sunday. It was also affirmatively charged that the exclusive listing agreement signed by Mr. Whetstone was also void because it involved their homestead and it was not signed by Mrs. Whetstone.
The case was tried before the county court without a jury, and the court found that Mr. Whetstone was liable for the commission, although the exclusive listing ■agreement was not signed by his wife. It was also the opinion of the court that the realty company had procured a buyer who stood ready, willing and able to purchase the property on terms provided for in the listing agreement. It also held that the contract between the Whetstones and the Crabtrees was not enforceable but was evidence that appellant had performed its part of the agreement by finding a ready, willing and able purchaser. The judgment was entered against Mr. Whetstone alone in the amount of $1,688.
Upon appeal to the circuit court that court reversed the county court, holding that the exclusive listing agreement between the realty company and Mr. Whetstone was void because it was an agreement to sell the homestead and was not signed by the wife, who was under no disability. The court also held that the contract between the Whetstones and the Crabtrees was void because it was entered into on Sunday. The court held that no obligation to pay a real estate commission could arise out of two illegal contracts.
The principal question to be determined is whether appellant is entitled to its commission, although appellee’s wife did not sign the “exclusive listing agreement” involving homestead property.
The contract between appellant and ap-pellee whereby appellee constituted appellant his agent to sell the property for the stipulated price and thereby agreed to pay appellee a commission is a valid and binding contract between the parties, unless as held by the circuit court, it was void be *138 cause appellee’s wife did not sign the agreement. Section 330, Mississippi Code 1942 Annotated (1956) provides in part as follows:
A conveyance, mortgage, deed of trust or other incumbrance upon the homestead exempted from execution shall not be valid or binding unless signed by the wife of the owner if he be married and living with his wife. .
The circuit court evidently was of the opinion that the contract between appellant and appellee came within the terms of “other incumbrance upon the homestead.” In determining whether the contract between appellee and appellant is an incum-brance upon the homestead, it is necessary to determine the nature of the contract. It is apparent from the contract that it was not a contract for the sale of the land, but one employing a broker to find a purchaser for the land. We so held relative to a similar contract in Minter v. Hart, 208 So.2d 169 (Miss.1968).
The contract made appellant the special agent of appellee, with limited power to find a purchaser ready, willing and able to buy the property on the terms and conditions fixed by the appellee. Appellant acquired no legal interest in the property placed in its hands for sale, and the contract did not create any incumbrance upon the property involved.
As a general rule a person employing a broker to find a purchaser for property is liable to the broker for his services regardless of his interest in the property or the fact that he is not the owner thereof.
It is also a general rule that a person who has employed a broker to sell property cannot avoid liability for the commission upon the ground that he is unable to complete the transaction because his wife refused to join in the contract for sale or deed where the broker has found a purchaser ready, willing and able to purchase the property. In Cofield v. McGraw & Garner, 16 Ala.App. 369, 77 So. 981 (1918), that Court under facts similar to those involved here said:
The fact that the defendant could not convey the lands he employed the plaintiffs to sell without the voluntary signature and assent of his wife certainly does not avoid the defendant’s obligation to pay the plaintiffs for their services in procuring a purchaser for the land at defendant’s instance, and in accordance with the contract between the parties. The enforcement of this obligation to pay in no way affects the defendant’s homestead rights by fastening a lien or incumbrance thereon. (16 Ala.App. at 370, 77 So. at 982)
To the same effect is Campbell v. Arthur H. Campbell & Co., 155 Tenn. 515, 296 S. W. 9 (1927).
Appellee also argues that even though the contract between him and appellant was a valid agreement, all the work appellant did to find a purchaser ready, willing and able to purchase the property was done on Sunday and therefore appellant cannot recover. While it is true that the contract between the Whetstones and the Crabtrees was executed on Sunday and was void, it does not follow that all the work appellant did to find a purchaser for the property was done on Sunday. This plea is an affirmative defense and the burden of proof was upon the appellee to show that all the work done by appellant to find a purchaser was done on Sunday. Stamps v. Frost, 174 Miss. 325, 164 So. 584 (1935); Page v. Sadler, 134 Miss. 459, 99 So. 8 (1924).
The record reflects that appellant’s agent Hayes was aware of the fact that the Crabtrees were in the market for a home and thought the Whetstone property would suit them. He testified that he contacted them, but did not say exactly when. He did show them the property on Sunday, but there is nothing in the record to show that the Crabtrees were not thereafter ready, willing and able to purchase *139 the property up until the Whetstones refused to sell. We are of the opinion that the appellee failed to meet the burden of proof to support this contention. Bowers v. Jones, 124 Miss. 57, 86 So. 711 (1921).
For the reasons stated the judgment of the circuit court reversing the judgment of the county court is reversed and the judgment will be entered here reinstating and affirming the judgment of the county court.
Reversed and rendered.
GILLESPIE, C. J., and JONES, BRADY and ROBERTSON, JJ„ concur.