WHEAT v. WHEAT.

(Division B. Feb. 29, 1932.)

[139 So. 849. No. 29869.]

Parker & Shivers, of Poplarville, for appellant.

**Wells, Jones, Wells & Lipscomb,** of Jackson, for appellant.

**J. M. Morse**, of Poplarville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Glennis Wheat, was the plaintiff in the court below and filed this suit seeking damages for a personal injury inflicted by an automobile driven by the appellant, Delos Wheat. The injury occurred on a public road in Pearl River county where there were very few homes, being a sparsely settled section of the county. It appears that the plaintiff was traveling along the side of the highway on foot, and was about one-quarter of a mile from his home, the next nearest house being approximately a mile from the place where the accident happened. The road was from twenty to twenty-five feet in width, the ditches on each side being approximately twenty inches in depth; the land thereabout being very hilly. The plaintiff was walking on the right-hand side

of the road when the car approached, coming up behind him. The driver attempted to apply the brakes, but they were defective, and caused the car to turn to the right and strike the plaintiff, thus inflicting the injury upon him.

The testimony shows that the car was being driven just before the accident at a rather high rate of speed, and that in attempting to stop it with the defective brakes it turned to the right, striking the plaintiff and bending one light upward, and then ran into the ditch on the right-hand side of the road.

The defendant, Delos Wheat, testified that he did not know his brakes were defective, that he had them examined the night after the accident, and that a pin had dropped out of the connecting rod, and they were loose on one side. He further testified, however, that on a former occasion, when the brakes were applied, the car turned to the right.

Another witness was offered to show that a short while before the accident he went on a trip with Delos Wheat in said car, and that in applying the brakes, on that trip, the car turned to the right and ran into the ditch, and that he (said witness) had a chance to, and did, return in another vehicle, so as to avoid riding in such defective car. He could not place the date of this trip, and, his evidence being objected to, the objection was sustained, and the testimony produced in the absence of the jury, but it does not appear that it was admitted. The defendant was questioned about this trip and stated that it occurred a few days before the accident. However, he denied that he went into the ditch on that trip, but admitted that, when the brakes were applied, the car would turn to the right.

It appears from the testimony that the reason the car would turn to the right was that the brakes on the right would come in contact before the brakes on the left did, and, the right wheel being checked by the operation of

the brakes on the right, the car would turn in such manner.

We think this shows a knowledge of the defective brakes, and it is immaterial whether the defendant, Delos Wheat, knew why the brakes did not operate properly. It was his duty to learn of such defect and have it remedied before driving on the highway. Section 5575, Code of 1930, among other things, provides that: "Every motor vehicle while in use on the public highway, or any street, avenue or alley, shall be equipped at all times with at least two independent and effective brakes, and with a suitable and effective signal device," etc.

The defendant's testimony shows that the brakes, when applied, caused the car to turn to the right; consequently it was negligence for him to operate his car upon the highway in such condition.

Under section 5588, Code of 1930, among other things, it is provided that: "In any action brought to recover any damages, either to person or property, caused by running or operating such motor vehicle in violation of any of the provisions of this chapter, the plaintiff or plaintiffs shall be deemed to have made out a prima-facie case by showing the fact of such injury, and that such person or persons operating, or causing to be run or operated, such motor vehicle, was at the time of the injury running or operating, or causing the said motor vehicle to be run or operated in a manner contrary to the provisions of this chapter."

The testimony clearly shows that when the brakes were applied the car swerved to the right.

It is urged that the plaintiff was violating the law by walking on the right-hand side of the road, and that his injury was the result of his own negligence, and that he should not recover. The evidence establishes that the plaintiff was on the right-hand side of the road going in the direction the car was traveling; but this negligence,

upon his part, would not defeat his recovery, being only, at most, a contributing cause to the injury.

We think, therefore, that the jury was warranted in finding for the plaintiff, and do not think, in the light of the evidence, that the recovery is excessive. The judgment will therefore be affirmed.

Affirmed.