## WHITLEY v. HOLMES.

(Division A. Oct. 31, 1932.)

[144 So. 48. No. 30185.]

424

Logan & Barbee, of Hernando, for appellant.

**Dinkins & Wilroy,** of Hernando, for appellee.

Argued orally by **R. F. B. Logan**, for appellant, and by **E. D. Dinkins,** for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee recovered a judgment against the appellant for damages for personal injuries alleged to have been sustained by him as a result of negligence of the appellant in operating an automobile in which the appellee was riding as the guest of the appellant.

The facts charged in the declaration, and supported by the evidence, were substantially as follows: The appellee was at his home in Hernando, Mississippi, on

Sunday afternoon, when the appellant called him by telephone and invited him to ride with him to Memphis, Tennessee, and there visit the aviation field. The appellee accepted the invitation, saying that he was thinking of going any way in order to deliver to Ballard Holmes, who was in charge of the aviation field, some cotton tags and to give the said Holmes shipping instruction covering certain rent cotton due by Holmes to the appellee and his sister. The appellant called for the appellee, and they first proceeded to the appellee's office, where he secured the necessary cotton tags. Then they drove to the aviation field near Memphis, where the appellee delivered to Ballard Holmes the tags, and gave him instructions in reference to shipping certain cotton. They remained at the aviation field until late in the afternoon, and then started on their journey homeward, and, while driving after dark, at the rate of about forty miles an hour down grade, the appellant's automobile collided with an automobile which, without lights, was parked on the right-hand side of the paved highway on which they were traveling; the contact with the said parked automobile causing the automobile driven by the appellant to be overturned some seventy-five feet beyond the point of collision.

The appellant testified that his automobile was not equipped with a dimmer, but was equipped with what is known as two-way lights, that is, the lights could be lowered to prevent them from blinding the drivers of approaching cars; that, at the time of the collision, the lamps on his automobile lighted the roadway for a distance of seventy-five to a hundred feet, but he did not know whether or not, at that time, they were lowered. He further testified that he was keeping a sharp lookout ahead, but that, when he first discovered the parked automobile, he was within thirty or forty feet of it, "right on top of it," and that it was then impossible to avoid the collision.

The appellee testified that on the return trip from Memphis he several times warned the appellant that he was driving too fast, and suggested to the appellant that the lights were dim, and insufficient. He further testified that the lights on the automobile had a range ahead of only about seventy-five feet, that they were within thirty or forty feet of the parked car when he first saw it, and it was then too late to give the appellant any effective warning.

The appellant assigns as error the refusal of the peremptory instruction requested by him in the court below, and he bases his asserted right to this instruction principally upon the ground that at the time of the accident and injury the appellee was violating the statute prohibiting the doing of secular work on Sunday. In support of this contention, the appellant relies principally upon the cases of Lowenburg v. Klein, 125 Miss. 284, 87 So. 653, 655, and Grapico Bottling Company v. Ennis, 140 Miss. 502, 106 So. 97, 44 A. L. R. 124. We do not think either of these cases is controlling or in point here. Lowenburg v. Klein, supra, was an action based on a contract in violation of the laws of the state, wherein the parties thereto were in pari delicto, and it was held that in such a case our courts will not entertain a suit for the relief of either against the other, but will leave them in their respective conditions, the court saying: ''When an illegal agreement underlies and is the basis of the entire litigation, and the parties are in pari delicto, the courts will not lend their aid to the enforcement of'' any right based upon such illegal agreement. In the Grapico Bottling Company Case, supra, the cause of action was based upon an alleged breach of the manufacturer's implied warranty of the purity of its bottled drinks, and it was held that this implied warranty runs with the sale of such drinks, and passes with the title, and, where the sale is made void by statute, a recovery cannot be had on such implied warranty.

Conceding for the purpose of this decision that, in delivering cotton tags and shipping instructions to his tenant, the appellee violated the statute prohibiting secular work on Sunday, and that at the time of the collision he was still engaged in this violation of law, there was no casual connection between such violation and the negligence of the appellant, which is the basis of this cause of action. A party to an action, when called upon to answer for the consequences of his own wrongful or negligent act, cannot rely in defense on the separate or distinct wrongful act of the other, done not to himself nor to his injury, and not connected with, or causing, or contributing to, the negligence complained of; but the wrongful or illegal act or conduct of the plaintiff which will preclude a recovery for the injury complained of must have some causal connection with the injury. Sutton v. Town of Wauwatosa, 29 Wis. 21, 9 Am. Rep. 534; Gross v. Miller, 93 Ia. 72, 61 N. W. 385, 26 L. R. A. 605. It is apparent that the incidental act of the appellant's guest in transacting business with his tenant while they were on their journey did not contribute to or have any casual connection with the negligent act of the appellant in driving at night, at a rate of speed which, with the lights available and in use, prevented him from detecting objects in the highway in time to avoid, by the exercise of reasonable care and caution, contact therewith, and the consequent injury and damage to persons and property.

The appellant also complains of alleged errors in certain instructions granted to the appellee. Section 5575, Code of 1930, requires that every motor vehicle which is driven at night shall carry "at least two lights, showing white lights, visible at least two hundred feet in the direction toward which such motor vehicle is proceeding," while section 5569, Code of 1930, provides that no person shall operate a motor vehicle on a public highway

at a greater rate of speed than is reasonable and proper, having due regard to the traffic and use of the highway, or so as to endanger the life or limb of any person, or the safety of any property. The appellant admits that he was driving down grade, at a speed of about forty miles per hour, with lights which rendered objects visible for a distance of not more than one hundred feet ahead of his automobile, and that, although he was keeping a sharp lookout ahead, he did not, in fact, see the parked car on the side of the highway until he was within thirty or forty feet of it, at which time it was too late to possibly avoid striking it. The evidence fails to show that the appellee was guilty of any negligence which caused or contributed to the injury, and, under all the facts in this record, we think the appellee was entitled to the peremptory instruction requested by him. Therefore the appellant was not prejudiced by the errors, if any, in the instructions granted to the appellee.

Affirmed.