JOHNSTON v. SWIFT & CO., INC., OF ILLINOIS.

(Division B. Oct. 16, 1939.)

[191 So. 423. No. 33813.]

Henry Mounger, of Columbia, and C. E. Gibson, of Monticello, for appellant.

Heidelberg & Roberts, of Hattiesburg, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This suit is for damages on account of the illness of the appellant alleged to have been suffered because of having eaten some oil sausage manufactured and sold in sealed cans by the appellee. The declaration, as originally filed, sought recovery upon the alleged breach of an implied warranty as to the wholesomeness and fitness of the food for human consumption, but there are further averments showing that the sale of the sausage was made by the retail merchant to the appellant on Sunday in violation of Section 1132 of the Mississippi Code of 1930. Hence, no recovery could be had on the implied contract arising out of such a sale, as was held in the cases of Lowenburg v. Klein, 125 Miss. 284, 87 So. 653; Grapico Bottling Company v. Ennis, 140 Miss. 502, 106 So. 97, 44 A. L. R. 124; and wherefore a demurrer to the declaration was sustained. Thereupon the declaration was amended so as to charge negligence on the part of the appellee in the preparation and manufacture of the sausage in question. The suit was then proceeded with as an action of tort, based upon negligence alone, so as to avoid the force and effect of the rule announced in the cases hereinbefore referred to and in order to invoke the principle

of liability set forth in the case of Whitley v. Holmes, 164 Miss. 423, 144 So. 48.

At the close of all of the testimony offered by the appellant, the court below granted a peremptory instruction in favor of the appellee on the ground (1) that the purchase of the sausage from the retail store on Sunday was in violation of the law and wherein the appellant was in pari delicto, and (2) that the proof offered was insufficient to establish the charge of negligence against the appellee in the preparation, manufacture, and canning of its said product.

The case of Whitley v. Holmes, supra, seems to sustain the contention of the appellant in regard to the first ground upon which the peremptory instruction was granted, under the facts of the present case. Consequently, it is necessary that we pass to a consideration of the question as to whether the evidence offered by the appellant in support of the charge of negligence was sufficient to submit the case to the jury.

The proof disclosed that the retail merchant, Mrs. G. E. Johnston, the wife of the appellant, received the shipment of sausage at her store on Thursday afternoon before the occasion complained of, and that the delivery was made during the month of August from a truck of the R. H. Green Wholesale Company, of Jackson, Mississippi; that the sausage in question was received at the store in an hermetically sealed can of about a one gallon capacity, and that they were packed in oil; that at some time during the afternoon of the day on which the shipment was received the appellant took one or more of the cans to his residence and placed it in the ice-box; that on the Sunday morning referred to, he carried one of the cans to the store, opened it with a can opener by cutting an almost complete circle around the top, and removed about four links of the sausage from the can by the use of an ice-pick and carried them immediately back to the house where they were fried for breakfast. The appellant testified that this portion of the sausage looked all

right, smelled all right, and tasted all right; that his wife and son each ate a part of a link with no ill effects, but that appellant ate considerably more of it than they did. He became ill some three or four hours later and remained so for about ten days or more before he was able to go back to the store. In the meantime he was treated by two physicians at different intervals, and was attended two days and nights by a trained nurse. It is undisputed that he was quite ill, and he testified positively that it was the sausage that made him sick. The attending physician who testified was unable to state what caused the illness; except from what the patient told him. The symptoms of his illness, however, were of such a nature as would have been expected in connection with a poison caused from eating sausage—an illness known as "Botulism." When the appellant was able to return to the store about ten days after eating the sausage as aforesaid, he examined for the first time the remaining contents of the can and found that they were still embedded beneath the oil, just as he had left them when he first opened the can and pressed down the top which he had made with the can opener, and on which he had then placed a heavy pasteboard box. He found that some portions of these remaining contents contained decomposed and unwholesome animal matter, and that some portions thereof appeared to be all right. Thus it will be seen that the testimony as to the condition found ten days after the can was first opened was not competent or relevant as to the condition of the sausage when the can was opened ten days prior thereto, since the appellant made no observation at the time he first opened the can and removed some of the sausage in regard to the condition of the remainder thereof. Moreover, the sausage can contained a label showing that the sausage had been inspected and passed by the United States Department of Agriculture and contained a warning to the following effect: "Perishable—Keep under Refrigeration." Then too, it was not shown that leaving the

can in the store on or under the counter for a period of ten days during the month of August after it had been once opened would not have brought about a change in the condition of the remaining contents as to wholesomeness; nor was there any proof as to how long and under what conditions the can in question had been kept in the hands of the wholesaler, R. H. Green Company, after it left the possession of the manufacturer, or as to what effect a lack of refrigeration would have had on this perishable product while it was being conveyed by truck to the retailer through the heat of a summer day. In cases where the doctrine of res ipsa loquitur does not apply, it is essential that such facts and circumstances be proven as would show that the unwholesomeness of a food product can be traceable to the negligence of the manufacturer, where the cause of action is based on negligence. In other words, if it be assumed that the sausage which was eaten by the appellant was in fact the proximate cause of his illness, there is still no proof that the manufacturer was negligent in the manner of its preparation and manufacture for sale, the doctrine of res ipsa loquitur not being applicable.

There was no foreign object or deleterious substance found in the can when it was opened, and the appellant was unable to detect anything whatever wrong with the sausage in question when he cut the links into pieces with his knife before eating it for breakfast. Therefore, the rule announced in Pillars v. R. J. Reynolds Tobacco Co. et al., 117 Miss. 490, 78 So. 365; Blount v. Houston Coca Cola Bottling Co., (Miss.), 185 So. 241, is in our opinion not applicable here. In those cases the product sold contained a foreign substance such as would have entitled the jury to reasonably infer that its presence was most likely due to the manufacturer. But we are unable to apply the doctrine of res ipsa loquitur to the facts in the present case. In other words, negligence of the manufacturer is not presumed from the mere fact that the food purchased may have caused the illness of the consumer,

Lamb v. Boyles, 192 N. C. 542, 135 S. E. 464, 49 A. L. R. 589; Sheffer v. Willoughby, 163 Ill. 518, 45 N. E. 253, 34 L. R. A. 464, 54 Am. St. Rep. 483.

When we eliminate, as incompetent and irrelevant, the testimony in this case in regard to the condition of the remaining contents of the can of sausage as found ten days or more after the commencement of the illness complained of, there is no evidence left of any probative value on which a verdict for the appellant could rest except the fact that he became ill after eating the sausage, and the further fact that the jury may have been warranted in finding from all of the evidence that his illness was attributable thereto. This is not sufficient in the absence of proof as to the care or lack of care taken in the handling of such food product after it left the hands of the manufacturer; and also in the absence of proof of facts and circumstances from which the jury could reasonably infer that the injurious quality of the product was due to the negligence of the manufacturer, rather than to some lack of care and refrigeration while the same was in transit.

If the appellant had proceeded under the declaration as originally drawn, whereby he sought to recover on the alleged breach of an implied warranty, the case of Armour & Co. v. McMillain, 171 Miss. 199, 155 So. 218, would be persuasive, if not controlling, in his favor on this record, except for the fact that the purchase was made in violation of Section 1132 of the Code of 1930, supra. However, since the implied warranty cannot be applied, it was necessary to prove the negligence charge in the declaration as amended. In our opinion the evidence was insufficient in that behalf.

Affirmed.