**LAWRENCE WAREHOUSE COMPANY**

v.

**Ellis NASIF.**

**Ellis NASIF**

v.

**LAWRENCE WAREHOUSE COMPANY.**

**No. 15314.**

United States Court of Appeals,
Fifth Circuit.

March 2, 1955.

Petition for Rehearing and Motion to
Correct Judgment Denied

April 12, 1955.

William Harold Cox, Jackson, Miss., Charles O. Butler, Chicago, Ill., for appellant.

P. Z. Jones, Rufus Creekmore, Jackson, Miss., Creekmore & Beacham, Barnett, Jones & Montgomery, Jackson, Miss., of counsel, for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

Brought against defendant as a public warehouseman doing business in Mississippi, the suit, based in part on warehouse receipts issued by defendant and in part on the claimed receipt by it of goods for which it had issued no receipts, was for the value of goods not accounted for and for actual and punitive damages.

The defenses were a general denial of plaintiff's charges and a claim that all of the goods which it had received from plaintiff had been fully accounted for to him or to his representatives.

Tried to the court without a jury, there were findings of fact and a well considered opinion [1] in which the district judge, carefully canvassing each separate claim made by plaintiff and allowing some and rejecting others of them, including his claim for damages, gave plaintiff judgment for $10,961.38, with interest from April 12, 1952.

Defendant appeals from the judgment because it allowed plaintiff to recover at all, while plaintiff appeals from it because it did not allow him to recover enough.

---

1. Nasif v. Lawrence Warehouse Company, D.C., 122 F.Supp. 562.

Here appellant urges upon us that in his findings and conclusions the district judge erred, in law, in that one of the receipts was illegally issued and, in fact, in that his findings, that the defendant had not carried its burden under Mississippi law,[2] were, under the evidence, clearly erroneous.

■ The error of law claimed is that Receipt No. W60437 for $5,998.61 was issued in violation of Sections 5061, 5062, Mississippi Code of 1942, governing the issuance of warehouse receipts and making it a crime to issue a receipt for goods not received or containing a false statement, and, because this was so, no recovery could be allowed on account of or in connection with it.

Appellant supports this claim of error with such cases as Johnston v. Swift & Co., 186 Miss. 803, 191 So. 423; Capps v. Postal Telegraph-Cable Co., 197 Miss. 118, 19 So.2d 491; Downing v. City of Jackson, 199 Miss. 464, 24 So.2d 661; and Powelson v. National Airlines, Miss., 71 So.2d 467; holding that where a claim is based on, or arises out of, an illegal transaction, the illegality pervades and taints it and defeats all recovery.

Appellee, in opposition, citing authorities [3] and pointing out that in order for plaintiff to be barred of his action the unlawful act must be at once the source of both his criminal responsibility and his civil right, insists that the facts of this case do not bring it within the invoked principle.

We agree with the appellee that this is so. In the Meador case, note 3, supra, the principle is thus stated by the Supreme Court of Mississippi:

"For a plaintiff to be barred of an action for negligent injury under the principle of public policy implicit in the maxim ex dolo malo non oritur actio, his injury must have been suffered while and as a proximate result of committing an illegal act. The unlawful act must be at once the source of both his criminal responsibility and his civil right. The injury must be traceable to his own breach of the law and such breach must be an integral and essential part of his case. Where the violation of law is merely a condition and not a contributing cause of the injury, a recovery may be permitted."

The district judge, in the part of his opinion dealing with this receipt, makes this crystal clear, when he states: that certain goods purchased by plaintiff and shipped to General, though placed in the area designated as Lawrence Warehouse, were not placed under warehouse receipts at that time; that some six months later this was discovered and on December 26, 1951, a receipt was issued for the portion of the goods then in the warehouse; and that this receipt not being satisfactory to plaintiff's accountant, the receipt previously issued was released and a receipt covering the entire shipment was issued on Dec. 28, 1951, at which time both parties knew a portion of the goods was missing. After pointing out that the plaintiff had not previously requested a receipt for the goods and that there was no need for a receipt in connection with their financing as they were plaintiff's goods and not General's, the court goes on to find in effect that the receipt was not necessary to plaintiff's recovery and that the proofs showing the actual delivery of the goods and a shortage of $2555.12, he was entitled to recover this shortage.

■ Of the claims of appellant and appellee that the fact findings on the issues dealt with in the court's opinion were clearly erroneous, it is sufficient to say that we are of the clear opinion that none of them are well founded. On

---

2. Denning Warehouse Co. v. Widener, 10 Cir., 172 F.2d 910, 911, 13 A.L.R.2d 669; Federal Comp. & Warehouse Co. v. Coleman, 143 Miss. 620, 109 So. 20; Cole v. Younger, 58 N.M. 211, 269 P.2d 1096; 13 A.L.R.2d 669 and note.

3. 39 Am.Jur. pp. 844 and 899, Secs. 169 and 214; Meador v. Hotel Grover, 193 Miss. 392, 9 So.2d 782, 785; Western Union Tel. Co. v. McLaurin, 108 Miss. 273, 66 So. 739, L.R.A.1915C, 487; Whitley v. Holmes, 164 Miss. 423, 144 So. 48.

**538**

the contrary, under the rule governing this court in the review of such findings, we must conclude not that they are, but that they are not, contrary to the truth and right of the case. Sanders v. Leech, 5 Cir., 158 F.2d 486, 487; Special Service Co. v. Delaney, 5 Cir., 172 F.2d 16, at page 19.

In view, however, of appellant's earnest insistence that, in awarding appellee $7703.33 on account of shortages of merchandise under warehouse receipts purchased by plaintiff from the bank, it failed to credit appellant with $2000 of goods delivered on plaintiff's order and with $500 on account of miscalculations, we think we should say that a careful examination of the record convinces us that we ought not to overturn the court's conclusions. Indeed, we agree with the court's view that the defendant did not sustain its burden in the face of the fact that "the goods were not to be found, there were no signed releases, there was no record showing delivery to anyone of the goods defendant claims were released upon oral instructions, and where the goods and proceeds went remains as yet a matter of conjecture".

The judgment was right throughout. It is affirmed.