**OHIO CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Marie BROWN, wife of and William A. Brown, Appellees.**

**No. 16339.**

United States Court of Appeals
Fifth Circuit.

March 15, 1957.

St. Clair Adams, Jr., New Orleans, La., Adams & Reese, New Orleans, La., for defendant-appellant.

C. Cyril Broussard, New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

796

PER CURIAM.

The automobile of the plaintiffs-appellees, Marie Brown and her husband, William A. Brown, was stopped, and while stopped was struck from behind by a car on which the defendant-appellant, Ohio Casualty Insurance Company, had liability insurance coverage. In a suit by the Browns against the appellant judgment was entered on a verdict of $17,500 for Mrs. Brown and $2,500 for Mr. Brown. Both Mr. and Mrs. Brown received whiplash neck injuries. The injuries of Mrs. Brown were the more severe. She sustained a partial dislocation of a vertebra and had a diagnosis of traumatic anxiety neurosis. Prior to and at the time of the accident, Mrs. Brown had a pathological condition of her pelvic viscera. This condition worsened. At the time the complaint was filed it had been determined that surgery would be necessary and a few days later an hysterectomy was performed. The plaintiffs contended that the accident caused the neurosis, and that the pelvic condition was aggravated by the accident so as to make the surgery a necessity. This the defendant says is not shown.

■ Included with the damages which Mr. Brown sought to recover were the medical and hospital bills for Mrs. Brown's surgery. The defendant argues that these amounts were, of necessity, included in the jury's verdict in his favor of $2,500, or so large an award could not have been made. So arguing, the defendant concludes that the jury gave Mrs. Brown damages for the hysterectomy on the theory that it was caused by an aggravation by the accident of the preexisting condition. The court charged the jury:

"If you find from a preponderance of the evidence that this operation was made necessary by reason of this accident, having found that the defendant was—the defendant's assured was guilty of negligence, then, of course, they will be entitled to be compensated for that, but I charge you that you should not consider the perform-ance of the hysterectomy as an element of damages if you find from the evidence that the necessity of performing such operation was only possibly or probably caused by the accident."

The gynecologist who treated Mrs. Brown and who performed the operation upon her, Dr. Charles F. Goll, testified at length. In his testimony is a statement which, isolated from the rest of his testimony and from that of other witnesses, indicates that, in his opinion, the accident "probably" resulted in an aggravation of Mrs. Brown's condition necessitating the operation. To this statement, and the lack of certainty which it urges is shown by the use of the word "probably", the defendant points with confident assurance of having demonstrated that the verdict is contrary to the law and the evidence, and rendered under the influence of sympathy, passion and prejudice. The plaintiffs, on the other hand, urge with plausibility that the witness was referring to objective symptoms such as physical bruises, lacerations, and the like, in the statement which the defendant so heavily stresses. We cannot say that this is not so.

■ The testimony was such, we think, as to require a determination that there were injuries resulting from the negligence of the defendant's insured and that damages were recoverable. No fixed rule has been or can be adopted for fixing the quantum of damages. Perhaps no two personal injury cases can be found where all of the elements of damage are identical or substantially so, and for that reason each case must be determined by its own factual situation. The amount of the award in such cases is primarily for the determination of the trial court. Its award should not be disturbed except on a clear showing of error. The plaintiffs are entitled to all of the inferences which may be reasonably drawn from the evidence. No error is made apparent and the judgment is

Affirmed.