**ATLANTIC REFINING COMPANY and Great American Indemnity Company, Appellants,**

v.

**Lucille EVANS, wife of and Reverend Fred Lewis, Appellees.**

**No. 16791.**

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1958.

Alvin R. Christovich, New Orleans, La., Christovich & Kearney, A. R. Christovich, Jr., New Orleans, La., of counsel, for appellants.

278

John Stanley Wagner, New Orleans, La., Wagner & Jarreau, New Orleans, La., of counsel, for appellees.

Before BORAH, TUTTLE and CAMERON, Circuit Judges.

## PER CURIAM.

This damage suit for personal injuries (and hospital and doctors' bills) sustained in a head-on collision between two automobiles in the nighttime was tried in the court below by the Judge sitting without jury. After hearing the testimony of appellee Lewis, driver of one car, and his wife, and a state trooper who investigated the accident shortly after it happened, and that of the driver of the other car, the court rendered judgment in favor of Lucille Evans Lewis for $13,000.00, and in favor of her husband for $1,649.20, hospital and doctors' bills.

We are asked to reverse on the grounds that the trial court misapprehended the effect of the evidence and based its decision on evidence which was less than a preponderance; that it misapplied Louisiana statutes and decisions; and that it failed to find that Reverend Lewis was contributorily negligent. The amount of the award for the personal injuries is also challenged.

After reading the evidence in the record and examining the exhibits, we are unable to agree with appellants in any of their contentions. The court below tried the case with great care, itself interrogating the witnesses on vital points after both counsel had completed exhaustive examinations, and analyzed the evidence with accuracy and fairness. It rendered an opinion [1] ably discussing the facts and the applicable law, and we are of the opinion that its conclusions based thereon were amply justified. It is not our function to retry the case or fix the amount of the damage according to our notions. Ordinarily we examine the record to ascertain only whether it contains substantial credible evidence to support the trial court's finding.[2] Nor do we, except under rare circumstances not present here, set aside an award of damages.[3]

The judgment appealed from is, therefore,

Affirmed.

---

1. Evans v. Atlantic Refining Company, D.C.E.D.La.1957, 150 F.Supp. 606. The facts are fully set out in this published opinion and we do not repeat them here.

2. Rule 52(a), Fed.Rules Civ.Proc., 28 U.S. C.A.; Robey v. Sun Record Co., 5 Cir. 1957, 242 F.2d 684; Lawrence Warehouse Co. v. Nasif, 5 Cir., 1955, 219 F.2d 536; and Sanders v. Leech, 5 Cir., 1946, 158 F.2d 486.

3. Complete Auto Transit, Inc., v. Floyd, 5 Cir., 249 F.2d 396, and cases therein referred to.