**NEW AMSTERDAM CASUALTY COM-
PANY, Appellant,**

v.

**John WOOD, Appellee.**

**No. 16885.**

United States Court of Appeals
Fifth Circuit.

March 12, 1958.

Carl J. Schumacher, Jr., Lemle & Kelleher, New Orleans, La., for New Amsterdam Casualty Co.

Bentley G. Byrnes, Byrnes & Wallace, New Orleans, La., for plaintiff-appellee.

Before JONES, BROWN and WISDOM, Circuit Judges.

JONES, Circuit Judge.

John Wood, the appellee, was in a bar in New Orleans. A seltzer bottle exploded. Wood sustained a cut on his forehead. He has a scar which is somewhat disfiguring and which will be permanent. There is diminished sensitivity to touch and a feeling of dullness in the area of the injury, resulting from severed nerves. Invoking the Louisiana Direct Action Statute, LSA–R.S. § 22.-655, Wood sued the appellant which had insured the owners of the bar on their public liability for negligence. The jury, after being out for twenty-two minutes, returned a verdict for Wood in the amount of $6,500. A motion for a new trial was made and denied. Judgment

for Wood was entered for the amount of the verdict. From the judgment an appeal has been perfected. Injury and liability are not questioned on the appeal. The appellant argues that the size of the verdict and the brief interval required for reaching show that an excessive award was made due to prejudice. It contends that the Louisiana Courts, applying Louisiana law, would in a like case review the judgment and set it aside, and that this Court, under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, should do likewise. Unless the verdict is excessive as a matter of law, and the district judge transcended his discretion in declining to set the verdict aside and thus committed an error of law, the Seventh Amendment to the Federal Constitution precludes our reversing the district court's judgment because of the amount of the verdict. Whiteman v. Pitrie, 5 Cir., 1955, 220 F.2d 914, 920. The decision in Erie R. Co. v. Tompkins, supra, does not require or permit us to follow the state practice in disregard of the Seventh Amendment, Reid v. Nelson, 5 Cir., 1946, 154 F.2d 724, certiorari denied 329 U.S. 716, 67 S.Ct. 47, 91 L.Ed. 621.

■ We need not review or even cite the many cases where the rule here applicable has been discussed. The situation presented is similar to that in Ohio Casualty Insurance Co. v. Brown, 5 Cir., 1957, 241 F.2d 795, 796, where it was said:

"The testimony was such, we think, as to require a determination that there were injuries resulting from the negligence of the defendant's insured and that damages were recoverable. No fixed rule has been or can be adopted for fixing the quantum of damages. Perhaps no two personal injury cases can be found where all of the elements of damage are identical or substantially so, and for that reason each case must be determined by its own factual situation. The amount of the award in such cases is primarily for the determination of the trial court. Its award should not be disturbed except on a clear showing of error. The plaintiffs are entitled to all of the inferences which may be reasonably drawn from the evidence."

We find no error. The judgment appealed from is

Affirmed.