**FRUIT INDUSTRIES, INC., Appellant,**

v.

**Stella PETTY, as Administratrix of the Estate of Julius E. Petty, deceased, et al., Appellees.**

**No. 17397.**

United States Court of Appeals
Fifth Circuit.

June 29, 1959.

Rehearing Denied Sept. 11, 1959.

Michael L. Kinney, Tampa, Fla., Robert H. Walker, Keokuk, Iowa, Fowler, White, Gillen, Yancey & Humkey, Tampa, Fla., of counsel, for appellant.

W. J. Arnold, Batesville, Ark., Thomas C. MacDonald, Jr., Norman Stallings, Vernon W. Evans, Jr., Tampa, Fla., Shackleford, Farrior, Stallings, Glos & Evans, Tampa, Fla., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from three judgments which were recovered by the plaintiffs in actions growing out of an automobile truck-trailer collision which occurred in Iowa. In one of the actions recovery was sought by the administrator of the estate of Julius E. Petty who was killed while driving the car involved in the accident. The second action was for the death of Joe Forrest Petty, age 13, minor son of Julius E. Petty who was a passenger in his father's car. The third action was brought by the owner of certain furs which were being transported by Petty and which were destroyed in the accident. The three actions were consolidated for trial and likewise have been consolidated for appeal. We shall designate the parties as they were in the lower court.

The complaints alleged in general terms the negligence of the defendant and further, among other Iowa statutes, specifically pleaded the violation of Section 321.303 [1] of the Iowa statute dealing with passing another vehicle proceeding in the same direction.

■ On the record made, therefore, plaintiff contended below and contends here that defendant was guilty of negligence, both under and apart from the statute, in endeavoring to overtake and pass the Standard Oil truck which was proceeding in the same direction, and that his act in so doing created a sudden emergency which caused Petty, the driver of the car, to apply his brakes and thereby caused his car to skid in front of, and into contact with said truck.

[1]. "No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction."

Stated in the most favorable light for the plaintiff, that the record permits the evidence is as follows:

On December 21, 1956, at or shortly after 9 A. M., Julius E. Petty, the husband of Stella Petty, was driving his automobile north on Highway 218, approximately nine miles north of Donnellson, Iowa, and his minor son, Joe Forrest Petty, was riding with him. At the same time and place a truck and trailer, owned and operated by the defendant, Fruit Industries, Inc., was proceeding south on the highway; this equipment of the defendant had been following a Standard Oil truck for at least a mile and had been gradually gaining on it. These vehicles passed the crest of a hill on which the residence of Louis Holtkamp was situated and were coming down the slope when defendant's truck-trailer commenced pulling into its left lane in an attempt to pass Standard's vehicle which was then traveling at 45 miles per hour. The speed of defendant's rig at that time was estimated by Harold Willis Mitchell, driver of Standard's truck, as between 50 and 55 miles per hour. Mitchell testified that defendant's vehicle, while endeavoring to pass him, was driven completely into the east or left lane on which lane Julius Petty was approaching from the south, having just come over the crest of a hill, with Standard's truck in the west lane, the entire highway was blocked and plaintiffs contended and the jury found that Petty was suddenly confronted with a dire emergency and in his action thereafter was not guilty of, or chargeable with, negligence.

When Petty was still 200 or 300 feet away from Standard's vehicle, his car went into a skid and Petty lost control. At that time defendant's vehicle was in the process of going back in its proper lane. Petty's car continued to skid and went to the right or east shoulder and then swung directly across the highway onto the west shoulder and collided with Standard's truck.

At the time and place of the accident it was foggy and visibility was quite limited. All of the vehicles involved in the accident had their lights on. At the close of plaintiffs' and again at the close of defendant's case, defendant moved for verdict in its favor and, the motions denied, the case was submitted to the jury on a charge to which no exceptions were taken, and there was a verdict in each case for plaintiffs.

After the jury returned verdicts for each of the plaintiffs, defendant filed motions to set the verdict aside and in the alternative moved for a new trial. Each of the motions were denied and this appeal resulted.

Here, assigning four errors [2] and arguing that the evidence was insufficient to enable a jury to find that negligence of the defendant proximately caused plaintiffs' damages, appellant earnestly contends that when all the evidence is considered, as it is required to be, in the light most favorable to plaintiffs, the conclusion must be reached that a jury of reasonable men could not find that negligence on the part of defendant's driver was the proximate cause of the collision and the damages for which plaintiffs sued.

While the accident occurred in Iowa and the suit was tried in Florida, and in the beginning conflict of laws questions bulked large in the case, no objection was made or exception taken to any of the rulings or the charges of the district judge dealing therewith, and, except as Iowa statutes and decisions have a bearing on the only question the assignments

2. (1) In all three cases the trial court erred in denying defendant's motions for directed verdict.

(2) In Case No. 3200, the trial court erred in failing to find as a matter of law that plaintiffs' decedent was guilty of contributory negligence under the laws of the State of Iowa.

(3) In all three cases the trial court erred in denying defendant's motion to set aside the verdict and, in the alternative, for a new trial.

(4) In Cases Nos. 3200 and 3201, the trial court erred in failing to find that the verdicts therein were excessive.

raise, whether under the evidence there was negligence or contributory negligence as matter of law and whether the verdicts were excessive, the fact that the accident occurred in Iowa and was tried in Florida is of no importance in the case. It is true that appellant urges upon us that plaintiffs must rely on circumstantial evidence for a verdict and that in the circumstances of this case the burden Florida law places on plaintiffs was too heavy to be borne; and that appellees, citing Ling v. Edenfield, 5 Cir., 211 F.2d 705, Pogue v. Great Atlantic & Pacific Tea Co., 5 Cir., 242 F.2d 575, Dallas Ry. & Terminal Co. v. Sullivan, 5 Cir., 108 F.2d 581, and other cases from this circuit (but see Dick v. New York Life Insurance Co., 359 U.S. 437, 79 S.Ct. 921, 3 L.Ed.2d 935), insist that the sufficiency of the verdict is governed by the rule established generally in the federal courts. In addition, arguing with confidence that, entirely apart from circumstantial evidence, the undisputed proof showing defendant's negligence and violation of the Iowa passing statute in attempting to pass established its liability, appellees cite in support Cunningham v. Court, 248 Iowa 654, 82 N.W.2d 292 and other Iowa cases.

Finally, assuming for the purpose of the argument that the so-called Florida rule applies, appellees, citing Florida cases in support, Dehon v. Heidt, 38 So. 2d 39, Voelker v. Life & Cas. Ins. Co., 73 So.2d 403, and Byers v. Gunn, 81 So. 2d 723, argue with assurance that under the Florida rule the evidence in this was quite sufficient to support the verdict.

On the question of contributory negligence vel non of the deceased driver, appellees cite the Iowa case, Aitchison v. Reter, 245 Iowa 1005, 64 N.W.2d 923, 925, holding that "The question of contributory negligence is peculiarly one of fact and not of law, save only in those exceptional cases where the plaintiff's want of reasonable care is so manifest and flagrant as to at once convince all fair and candid minds that he did not

exercise the caution for his own safety which marks the conduct of ordinarily prudent men."; and Cook Paint & Varnish Co. v. Hickling, 8 Cir., 76 F.2d 718, 719, where, as here an emergency situation was presented.

■■ We find ourselves in full agreement with appellees' view that the evidence in this case fully supports the verdict that defendant was, and plaintiffs' decedent was not, guilty of negligence. For the moment, putting the Iowa passing statute aside and considering the case from the standpoint of the general principles of negligence, that one who on a public highway undertakes a passing maneuver is held in ordinary circumstances to a strong duty of care to set it on foot and complete it without injury to others,[3] and that when as the undisputed proof shows here, he attempts it in a fog and causes or brings about a collision, the evidence of negligence must be regarded as not only sufficient to support a jury verdict of negligence but almost, if not quite, sufficient to demand one.[4] Nor does defendant stand any better on its claim in Cause No. 3200 that plaintiffs' decedent, driving in the same fog and at a high speed was guilty of contributory negligence as matter of law. In Iowa, Mongar v. Barnard, 248 Iowa 899, 82 N.W.2d 765, Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552, Smith v. Darling & Co., 244 Iowa 133, 56 N.W. 2d 47, and generally elsewhere, where one is confronted through no fault of his own with a sudden emergency, his actions in extremis are not to be judged as they would be in ordinary circumstances. Under that rule, the evidence certainly supported, indeed it almost demanded, the verdict that Petty was not contributorily at fault.

■■■ Of the specification that in cases Nos. 3200–3201, the court erred in failing to find the verdicts excessive, it is sufficient, we think, to say that whether, as appellant argues, the decisions of the Iowa courts dealing with the ques-

---

3. 5A Am.Jur., "Passing", Sec. 351–2, pp. 446–467, Sec. 367, p. 458.

4. 5A Am.Jur. "Automobiles", Sec. 334–5, pp. 438–9.

tion whether and when a verdict can and should be relieved against on the ground of excessiveness, are followed, or whether, as appellees seem to think, it is governed by decisions of the federal courts, there is no reasonable basis for the claim that the verdicts are vulnerable to the attacks upon them. It is certainly true, and this court has held in Kilmer v. Gustason, 5 Cir., 211 F.2d 781, a case tried in Florida on a collision accident happening in Iowa, that the suit, being a death action, is governed by the Iowa statute creating the action. It is also true, though, as stated in that case, with many cases cited in support, that a federal appellate court does not undertake to determine whether a verdict is excessive in fact but only whether it is excessive in law. Cf. New Amsterdam Cas. Co. v. Wood, 5 Cir., 253 F.2d 71, Atlantic Coast Line R. Co. v. Pidd, 5 Cir., 197 F.2d 153, Whiteman v. Pitrie, 5 Cir., 220 F.2d 914, and Atlantic Coast Line R. Co. v. Kammerer, 5 Cir., 239 F.2d 115.

When we turn from these cases to the Iowa cases, we find that the only difference between them is that, while the courts of both jurisdictions declare that, in the absence of a showing of passion or prejudice, a verdict will not be set aside for excessiveness unless the amount is so large as to shock the conscience, Soreide v. Vilas & Co., 247 Iowa 1139, 78 N.W.2d 41, the Iowa Supreme Court does not expressly distinguish excessiveness in fact from excessiveness in law and thus apparently reserves for itself a wider latitude of review.

On the other hand, in DeToskey v. Ruan Transp. Corp., 241 Iowa 45, 40 N.W.2d 4, 17 A.L.R.2d 826, the court said in substance that the Supreme Court must keep in mind that it is in the province of the jury to determine amounts to be allowed in any particular case and a verdict ought not to be disturbed unless it is so flagrantly excessive as to raise a presumption that it was the result of passion and prejudice, and not of honest judgment. Cf. Hackman v. Beckwith, 245 Iowa 791, 64 N.W.2d 275.

Finally, as the federal courts have, the Iowa courts have, declared that comparison of verdicts rendered in different cases is not a satisfactory method for determining excessiveness vel non in a particular case and that each case must be determined on its own facts.

Under the facts of this case and in the light of the controlling principles, no showing is made, we think, for setting aside the verdicts for excessiveness.

No error appearing, the judgments are affirmed.