**TEXAS AND NEW ORLEANS RAIL-
ROAD COMPANY, Appellant,**

v.

**Mrs. Lennie NORMAND, wife of Wilbert
J. COUVILLION, Sr., et al., Appellees.**

**No. 18760.**

United States Court of Appeals
Fifth Circuit.

July 13, 1961.

Rehearing Denied Aug. 24, 1961.

---

Harry McCall, Jr., Chaffe, McCall,
Phillips, Burke & Hopkins, New Orleans,
La., for Texas and New Orleans Railroad
Company, appellant.

Daniel Allen McGovern, III, New Orleans, for appellees.

Before CAMERON and WISDOM, Circuit Judges, and DANIEL HOLCOMBE
THOMAS, District Judge.

CAMERON, Circuit Judge.

Appellee, Mrs. Lennie Couvillion,
brought suit, individually and in behalf
of her three minor children, against ap-
appellant Railroad Company and the lia-
bility insurer of her husband, for dam-
ages for personal injuries sustained when
her husband's car, in which the four were
riding as guest passengers, was struck by
appellant's train.[1] A jury verdict was
rendered in favor of appellant against the
husband's insurer and the Railroad in the
amount of $20,000 for appellee and $1,-
000, $1,000, and $500 for the three chil-

---

1. Appellee had released her husband's in-
surer in consideration of its paying ap-
proximately one-half of the amount of
the jury's verdict. There were originally
two actions, the one above numbered and

one by appellee's husband, driver of the
automobile, against appellant Railroad;
and the two were consolidated for trial.
A jury verdict was rendered in favor of
the Railroad in the husband's suit.

dren, upon which judgment was duly entered. A remittitur was ordered by the trial court and accepted by the appellee reducing the judgments in favor of the children by one-half. This appeal followed the denial of motion for judgment N.O.V. and for a new trial by appellant Railroad Company.

The collision occurred about 9:20 P.M. on Saturday, November 10, 1956, at the intersection of Hollywood Drive in Metairie and the tracks of the New Orleans Terminal Company upon which the train was running. The tracks ran generally east and west and Hollywood Drive ran north and south, curving slightly so as to cross the tracks at an angle of approximately ninety degrees. The train was traveling west and the automobile south, so that the train approached from the left side of the automobile and the automobile from the right or engineer's side of the train. The train consisted of two diesel switching engines linked back to back and operated as one by controls in the leading unit, and twenty-two gondolas and a caboose. The tracks were elevated a little over six feet above the surrounding terrain, and the road along which the automobile traveled was shelled and quite rough because of holes in it.

Appellant specifies three alleged errors of the court below as the basis for its appeal: (1) that the court erred in failing to grant appellant's motion for a directed verdict at the close of the evidence, and alternatively in failing to grant its motion for judgment N.O.V.; (2) that the court erred in not setting aside the verdict in favor of appellee individually on the ground that it was excessive, or alternatively in not entering a remittitur thereon; and (3) that the court erred in not dismissing the claims of the three children for alleged failure to meet the requisite jurisdictional standard as to amount.

Appellee's action is based upon her allegation that the train was operated in a negligent manner in that the engineer was not keeping a proper lookout, that it was moving at an excessive rate of speed in view of the circumstances and conditions surrounding the place of accident, and that proper signals of its approach were not given by bell or whistle. She claimed also that the negligence of the Railroad joined and concurred with that of her husband in causing the personal injuries.

The case presented by this record is a typical crossing accident, the five members of the train crew testifying that the train was being operated with due care in all respects and the plaintiff and her witnesses, including two outsiders, testifying to facts from which the jury could reasonably conclude that the railroad was guilty of negligence. From the competent evidence introduced, the jury was warranted in finding the following facts:

That the crossing was in a thickly settled area and was much used at the time of night the collision occurred; that the view of both the engineer and the automobile driver was obstructed by railroad cars on the first track—the collision taking place on the third track; that no signal by bell or whistle was given until about one second before the moment of impact; that, about the same instant, appellee discovered the approaching train and yelled to her husband, the driver of the car; that the driver had looked both to his left and to his right and had seen no train approaching and was looking straight ahead for oncoming traffic when he heard his wife's warning; and that the train was not under proper control, carrying the car in front of it about two hundred fifty feet after striking it.

The testimony introduced by the appellant Railroad contradicted that of appellee in many instances. The court below gave an exhaustive charge, occupying about thirty pages of the record, in which it explained in great detail the correlative duties of the railroad operatives, the driver of the car and the passengers. No exception to the charge was taken by any party. The case is typically one of fact for jury decision with respect to the negligence of the Railroad and the husband and whether

or not the mother or the children were contributorily negligent. The jury manifestly found that both the Railroad and the husband were negligent, and that the mother and the children were not contributorily negligent. The court heard all of the evidence, and denied a motion for directed verdict and also a motion for judgment notwithstanding the verdict and for new trial. We think the evidence amply justified its decision and see no good purpose to be served by analyzing the cases cited by the parties since no unique principle of law is involved.

■ Nor are we persuaded that the discretion of the lower court was abused in its refusal to set aside or reduce the award of $20,000 for the injuries to appellee, the wife and mother. Mrs. Couvillion was given emergency treatment at Charity Hospital and was then referred to an eye specialist and ophthalmologist and, finally, to a plastic surgeon. She was found, ten days after the accident, to have a markedly swollen face, with eyelids closed and discolored; a flattening of one side of the face due to the depression of the bones and a lack of sensation on that side resulting from the crushing of the intraorbital nerve. The doctor's diagnosis was that she was suffering from comminuted depressed fractures of the zygoma or cheek bone compounded into the sinus or antrum, and also fractures of the maxilla, the zygomatic arch and the floor of the orbit, or eye socket, which was pressed down in back.

The plastic surgeon performed an operation using general anaesthetic and making an incision through appellee's mouth under the upper lip and pushing the bones in place and holding them by packs in the antrum. It was necessary to make an incision through the eyelid and drill a hole through the floor of the orbit and place a wire through that, and to run it out through the incision and attach it to a plaster headcast, and to use a traction bar to hold the wire out by elastic bands. The doctor felt that the operation had been successful and it left only a slight scar.

■ There can be no doubt that the appellee suffered serious and painful injuries, and the court below and the jury heard all of the evidence and assessed the damages at an amount which the jury thought proper, and the court below would not disturb its findings. The appellant refers us to many Louisiana cases where recoveries have been set aside by the appellate courts of Louisiana. Every case of injury rests upon its own peculiar facts and presents a different problem from all other cases. This fact, plus the limitations placed upon us under federal procedure in passing upon the discretion of the trial court in acting on a motion for new trial,[2] constrains us to hold that the court below committed no reversible error with respect to the amount of damages awarded Mrs. Couvillion.

■■ We think that appellant's final contention that the court below erred in not dismissing the claims of the three children because of their alleged failure to meet the requisite jurisdictional standard was without merit. A plaintiff's claim for damages is what the plaintiff in good faith says that it is.[3] The amount here claimed on behalf of each of the children was not directly challenged as being under the jurisdictional limit, even after appellee had obtained an

2. Fruit Industries, Inc. v. Petty, 5 Cir., 1959, 268 F.2d 391, certiorari denied 361 U.S. 915, 80 S.Ct. 261, 4 L.Ed.2d 186; New Amsterdam Casualty Co. v. Wood, 5 Cir., 1958, 253 F.2d 71; Atlantic Refining Co. v. Evans, 5 Cir., 1958, 251 F.2d 277; Robey v. Sun Records Co., 5 Cir., 1957, 242 F.2d 684, certiorari denied 355 U.S. 816, 78 S.Ct. 20, 2 L.Ed.2d 33; Ohio Casualty Ins. Co. v. Brown, 5 Cir., 1957, 241 F.2d 795.

3. Bell v. Preferred Life Assurance Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; Colonial Oil Co. v. Vining, 5 Cir., 1956, 237 F.2d 913; Burks v. Texas Co., 5 Cir., 1954, 211 F.2d 443, 47 A.L.R.2d 646; Olan Mills, Inc. of Tenn. v. Enterprise Publishing Co. et al., 5 Cir., 1954, 210 F.2d 895.

order to increase the amount claimed for one child. The first challenge made by appellant was when it moved, at the close of appellee's evidence, to dismiss the action on behalf of the children under the claim that the jurisdictional amount was not involved. Such a challenge can doubtless be made when accompanied by the showing of bad faith on behalf of appellee. We do not think such a showing was made here. Finding that no reversible error was committed by the court below, its judgment is

Affirmed.