GEORGE W. CAMPBELL *v.* ARTHUR H. CAMPBELL & CO.*

(*Nashville.* December Term, 1926.)

Opinion filed July 15, 1927.

**REAL ESTATE BROKER. Commission. Default of seller.**

When the husband assumes to have authority and offers for sale land owned by himself and wife, as tenants by the entirety, and employs a real estate broker to bring about a sale, and the broker procures a purchaser, as against the husband, the broker is entitled to his commission, upon the refusal of the wife to join in a conveyance. (Post, p. 5, 6, 517.)

Citing: Hamlin v. Schulte, 34 Minn., 534; Staley v. Hufford, 73 Kan., 686; Bell v. Stedman, 88 Neb., 625; Goldberg v. Gelles, 68 N. Y. Supp., 400; Tebo v. Mitchell, 5 Pennewell (Del.), 365; Mechem on Agency, sec. 2447 and note.

Citing and distinguishing: 4 R. C. L., p. 313.

---

*Headnotes 1. Brokers, 9 C. J., section 104; 2. Brokers, 9 C. J., section 103; 3. Brokers, 9 C. J., section 103.

---

*On the question of broker's knowledge of defect in title as affecting his right to commissions, see annotation in L. R. A. 1915E, 720; 4 R. C. L., 313; 1 R. C. L. Supp., 1116; 4 R. C. L. Supp., 264; 5 R. C. L. Supp., 238.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to Court of Appeals, and by *certiorari* to Supreme Court.— HON. E. F. LONGFORD, Judge.

J. E. TRAVIS, for appellant.

L. M. DAVIS, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error and his wife owned certain land in Davidson county as tenants by the entirety. Plaintiff in error employed defendants in error, real estate agents, to sell the said land, referring to it as "my farm." The agents obtained a purchaser, ready and willing to buy the land, upon the terms stipulated by plaintiff in error but the wife of the latter refused to sign the deed. Her joinder was of course necessary to make a good title and the trade failed on account of her refusal.

The agents sued plaintiff in error for their commission and there was a judgment in their favor against him in the Circuit Court. The Court of Appeals reversed this judgment and we have granted the writ of *certiorari* to review the action of the latter court, which we think was erroneous.

It is true that the agents knew the condition of this title, that plaintiff in error and his wife owned the land as tenants by the entirety. But this is not the ordinary case of a real estate broker negotiating the sale of land, the title to which he knows is defective. In such a case, usually, the agent can recover no compensation, if the purchaser refuses to take the doubtful title. 4 R. C. L., p. 313, and cases cited.

This is rather a case in which there has been a default in performance on the part of the seller. In our opinion, when the husband assumes to have authority to offer for sale land owned by himself and wife, this amounts to a representation that he has such authority. If under such circumstances, the husband employs a real estate broker to bring about a sale of the land, and the broker procures a purchaser for the land, we think, as against the husband, the broker is entitled to his commission. Such right of the broker against the husband

cannot be defeated by the refusal of the wife to join in a conveyance. We know that in the great majority of cases, the husband attends to the business for the family, and we think the broker has a right to rely on the husband's assumption of authority and his implied representation that the wife will join in the necessary title papers. A like conclusion has been reached in all the decisions which we have examined.

In *Hamlin* v. *Schulte*, 34 Minn., 534, it was understood by all the parties that the wife's joinder was necessary to make good title to land which the husband employed real estate agents to sell. After the agents procured a purchaser, she refused to execute a deed. It was held that the husband was liable for the agents' commission.

The court said: "If then the purchaser in this case was procured upon terms in conformity with which the vendor assumed to be prepared to sell, and stipulated for by himself, he ought not to object as against the claim of his agents, that he had no authority to make such terms. Otherwise he would be permitted, not only to disappoint the purchaser, but also to deprive them (the agents) of their compensation, fairly earned, through collusion with his wife, or his inability to persuade her to join in the deed."

In *Staley* v. *Hufford*, 73 Kan., 686, where the wife refused to join, speaking of the liability of the husband to agents whom he had employed to sell land and who had procured a purchaser, the court said:

"Having asked and received their services, no reason is apparent why he should not pay them therefor, they having done everything possible on their part, and their efforts to accomplish a sale having been rendered futile by the inability of Staley to procure a conveyance, which resulted from no fault of theirs."

To the same effect are *Bell* v. *Stedman,* 88 Neb., 625, *Goldberg* v. *Gelles,* 68 N. Y. Supp., 400, *Tebo* v. *Mitchell,* 5 Pennewell (Del), 365, and see Mechem on Agency, section 2447, and note for other cases.

It follows that the judgment of the Court of Appeals must be reversed and the judgment of the trial court affirmed.