**AWARD REALTY INC.,**
Plaintiff-Appellant,

v.

**Kent E. COPELAND,**
Defendant-Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 21, 1985.

Roger E. Jenne, Linda K. Jones, Cleveland, for plaintiff-appellant; Jenne, Scott, & Sellers, of counsel.

Robert C. Taylor, Brenda Measells Dowdle, Nashville, amicus curiae brief Tenn. Ass'n of Realtors; Taylor, Schlater, Lassiter, Tidwell & Trentham, of counsel.

James F. Logan, Jr., Cleveland, for defendant-appellee; Logan & Bates, of counsel.

## OPINION

COOPER, Chief Justice.

This is an action to recover a real estate commission. The chancellor found for the plaintiff and awarded a judgment of $15,000.00, the commission called for in the contract between the parties. The Court of Appeals reversed the judgment of the trial court, giving as its reason that the plaintiff, without the knowledge and consent of the parties, was the agent of both the seller and purchaser. We are of the opinion that the finding of "dual agency" is not supported by the evidence, and that the Court of Appeals erred in reversing the judgment of the trial court.

On October 7, 1982, the defendant went to the office of Award Realty, Inc. to see J.D. Silver, a broker employed by the plaintiff. Mr. Silver was a friend and neighbor of the defendant. On this occasion, although the defendant did not list any property for sale, he advised Mr. Silver that he was interested in reducing his work load by selling the C & H Market, a convenience store. The defendant and Mr. Silver arrived at an asking price of $120,000.00 for the property. On the same day Mr. Silver learned that Roger Gupton, who was also a broker and owned the agency, knew of a prospective buyer for defendant's market. This information was communicated to the defendant. On learning of the prospective buyer, the defendant raised his asking price to $140,000, net to him. Mr. Silver contacted the Evanses and after some negotiations, a contract was entered into between the Evanses and the defendant, under which the defendant was to sell and the Evanses to buy the C & H Market for $155,000.00. At the same time, the defendant also signed an agreement to pay a real estate commission of $15,000.00 to the plaintiff.

Shortly after the sales contract was executed, the defendant called Mr. Silver and advised him that he was having second thoughts about selling the convenience store and also that his wife had refused to execute the deed. The Copelands consequently did not attend the closing, which was set at a lending establishment where the Evanses had made arrangements to finance the balance of the purchase price. Upon the defendant failing to pay the $15,000.00 agreed upon as a commission, the present action was filed.

A real estate broker will be denied his commission where he acts as the agent of both the buyer and seller of the property, without having fully disclosed this fact to both the buyer and seller. *See Bell v. Strauch*, 40 Tenn.App. 384, 409, 292 S.W.2d 59, 70 (1954); *Brown v. Beeson*, 31 Tenn.App. 602, 218 S.W.2d 997 (1948). In fact, a real estate broker puts his license at risk if he acts for more than one party in a transaction without the knowledge and consent in writing of all parties for whom he acts. T.C.A. § 62–13–312(b)(8).

In this case, we find no evidence that the plaintiff acted as an agent for the buyer. There was no contract between the plaintiff and the buyer, and the buyer was not subject to pay any fee or commission to the plaintiff. Furthermore, we find no evidence that the plaintiff negotiated for the property with the seller in the buyer's interest. The transaction was a typical real estate transaction, wherein an agent was employed to sell an owner's real estate. As pointed out in the *amicus* brief, "by the very nature of the real estate industry and in order to sell the property involved, agents customarily serve as intermediaries between buyers and sellers and their services ordinarily consist of communicating offers back and forth between the parties, accompanying prospective buyers desiring

to inspect or view the premises involved, negotiating the terms of the sale, and sometimes assisting the buyer in arranging for financing of the transaction." However, this activity on the part of the agent, absent an agreement or special circumstances, does not create an agency relationship between the real estate broker and the purchaser.

" 'By the very nature of a broker's work, he must deal with both buyers and sellers.' It is only when he deals *for* both buyer and seller without disclosing that fact that the transaction is deemed constructively fraudulent in equity."

*Timmerman v. Ankrom*, 487 S.W.2d 567 at 571 (Mo.1972), quoting *Smith v. Piper*, 423 S.W.2d 22 at 26 (Mo.App.1967).

 The defendant raises the question as to whether the plaintiff is entitled to a sales commission since the sales contract was signed by the defendant alone, and the plaintiff knew that the C & H Market was owned by defendant and his wife. In dealing with a like situation in *Campbell v. Campbell & Co.*, 155 Tenn. 515, 296 S.W. 9 (1927), this court held the husband liable for payment of a sales commission and, in doing so, made the following observation (155 Tenn. at 516, 296 S.W. at 9),

It is true that the agents knew the condition of this title—that plaintiff in error and his wife owned the land as tenants by the entirety. But this is not the ordinary case of a real estate broker negotiating the sale of land the title to which he knows is defective. In such a case, usually, the agent can recover no compensation, if the purchaser refuses to take the doubtful title.

. . . .

This is rather a case in which there has been a default in performance on the part of the seller. In our opinion, when the husband assumes to have authority to offer for sale land owned by himself and wife, this amounts to a respresentation that he has such authority. If under such circumstances, the husband employs a real estate broker to bring about a sale of the land, and the broker procures a purchaser for the land, we think, as against the husband, the broker is entitled to his commission. Such right of the broker against the husband cannot be defeated by the refusal of the wife to join in a conveyance.

The judgment of the Court of Appeals is reversed. The judgment of the trial court is reinstated and affirmed. Costs of the case are adjudged against the defendant and his surety.

FONES, BROCK, HARBISON and DROWOTA, JJ., concur.