PATTERSON, Chief Justice, for the Court:
This appeal from the Circuit Court of Warren County arises from a real estate broker’s attempt to recover a commission for transactions involving property formerly owned by the appellee, John L. Bobb. At the conclusion of the trial the court granted a peremptory instruction on liability in favor of Varner Real Estate, but allowed the jury to assess damages, which it did in the sum of $250.00.
John Bobb was the owner of property in Vicksburg when he executed a lease with Mr. and Mrs. Hudson dated August 18, 1982. The lease provided the Hudsons were to have possession of the premises from September 1, 1982, until September 1, 1983.
In March, 1983, Bobb listed the property for sale with a realtor, J.P. White. The listing agreement allowed White to list the property in the Vicksburg-Warren County Multiple Listing Service (MLS), with the provision that upon sale a six percent (6%) sales commission would be divided equally between White’s realty company as the listing broker, and the selling broker.
After the property was listed with MLS, Ned Burkhalter, a realtor associated with Varner Real Estate, Inc., took two potential purchasers to view and inspect the property. As a result of this visit the potential purchasers, Mr. and Mrs. Lewis, made an offer on March 4, 1983, to purchase the property with a provision that possession was to be given to the Lewises within 30 days of the contract date.
Prior to listing the property for sale, the lessees informed Bobb they would leave the premises as soon as they could find comparable housing. It was on this basis Bobb executed the contract for sale, and assured the realtors the Lewises could have possession of the property within 30 days of the contract date.
As the 30 day deadline approached, negotiations between the lessees and Bobb deteriorated. The lessees were apparently unable to find comparable housing and re *529 fused to leave the premises. At the end of the 30 day contract period, there is evidence that the parties attempted to extend the contract for 30 days. Accordingly, on the back of the contract the words appear, “This contract extended by the mutual consent of both buyer and seller hereto for 30 days from date.” The extension was signed by Bobb on April 4, 1983. The Lewises did not sign the extension agreement.
During the second 30 day interval, Bobb was informed that the Lewises had purchased another home and would not purchase his property. Varner Real Estate returned the Lewises earnest money, then filed this lawsuit in the Circuit Court of Warren County to recover its commission of three percent (3%) of the purchase price.
The first question to be resolved in determining whether Varner Real Estate is entitled to a commission is which party breached the contract. Bobb asserts that because the purchasers defaulted on the terms of the contract when they decided to buy another home in the second 30 day interval, Varner Real Estate was limited to recover one-half of the earnest money deposited by the purchaser as provided in the contract. We are of the opinion this argument fails because the extension of the contract was unenforceable.
The contract under review is one for the sale of land and required under the statute of frauds to be in writing. Section 15-3-1, Mississippi Code Annotated (1972).
In Nason v. Morrissey, 218 Miss. 601, 67 So.2d 506, 509 (1953), we stated, “A contract required by the statute of frauds to be in writing cannot be validly changed or modified as to any material condition therein by subsequent parole agreement so as to render the original written contract as modified an enforceable obligation.” Accordingly, the failure of the purchasers to sign the extension agreement renders the extension unenforceable. The actions of the parties during the second 30 day interval are of no significance in determining which party breached the contract.
It is undisputed that the reason the sale did not close within the time specified in the contract was because the seller was unable to deliver possession. Varner Real Estate procured a purchaser who was ready, willing, and able to buy the property on terms acceptable to the seller. In Partee v. Pepple, 197 Miss. 486, 20 So.2d 73 (1944), we stated the rule as follows:
Where the contract between the owner of the property and the agent specifies the price and terms of sale, the agent performs his duty, and is entitled to a commission, when he procures a purchaser ready, willing and able to buy, even though the owner may then decline to sell.
20 So.2d at 78.
See also, C. Buck Bush Realty v. Whetstone, 266 So.2d 135 (Miss.1972).
The fact that the seller could not convey the land he employed Varner Real Estate to sell does not avoid his obligation to pay the realtors for their services in procuring a purchaser for the land.
It is uncontradicted that Bobb agreed to pay a realtor’s commission of six percent (6%) of the sale price of $72,500.00. Having correctly found Varner Real Estate was entitled to compensation, the trial court should have determined the amount due as shown by the undisputed evidence. Gardner v. Reed, 207 Miss. 306, 42 So.2d 206 (1949). We are of the opinion Varner Real Estate is entitled to recover a commission of three percent (3%) of the sale price, $2175.00.
REVERSED. JUDGMENT ENTERED HERE FOR VARNER REAL ESTATE, INC., FOR $2175.00.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.